WIDENER, Circuit Judge:
 

 This appeal arose in the context of a Chapter 13 petition in the United States Bankruptcy Court for the District of South Carolina. Reversing the bankruptcy court, the district court held that the lump-sum alimony obligation of the debtor, Larry Joe Long, to the creditor, Penelope West, was for West’s support and maintenance and therefore that the obligation constituted a nondischargeable debt under 11 U.S.C. § 523(a)(5). We affirm.
 

 The facts in the case are essentially undisputed. Long and West were married on September 22, 1979. In November 1981, West commenced a divorce proceeding against Long in a state court in Georgia. The divorce was granted and the issues of permanent alimony and property division were subsequently tried to a Georgia jury. At the state court trial, the trial judge specifically instructed the jury with respect to the law for granting alimony and also for making a property division. With the corisent and assistance of counsel for both parties, the Georgia trial court also prepared a special verdict form by which the jury could make specific awards of either alimony or property, or both. The Georgia jury awarded West permanent lump-sum alimony in the amount of $65,000, and also made certain property divisions of the marital property. To these awards, the Georgia
 
 *930
 
 court also added attorney’s fees in the amount of $5,000.
 

 On February 1, 1983, Long filed a petition for relief under Chapter 13 of the bankruptcy code. See 11 U.S.C. §§ 101
 
 et seq.
 
 West then moved the bankruptcy court to obtain relief from the automatic stay imposed on her debt from Long pursuant to 11 U.S.C. § 362, so as to allow her to proceed against Long for collection of the alimony and attorney’s fees that the Georgia state court had previously awarded her. Long responded by requesting a declaratory judgment as to the dischargeability of the alimony obligation.
 

 The bankruptcy court concluded that the Georgia jury in the divorce proceeding did not intend the alimony award to be for West’s support and maintenance, and held that Long’s alimony obligation was a dis-chargeable debt under 11 U.S.C. § 523(a)(5). On West’s first appeal to the district court, the court held that the bankruptcy court’s determination that the alimony obligation was not for West’s support and maintenance did not take into account either the state court’s explicit jury instructions concerning alimony and property settlements or the special verdict form through which the state court jury had explicitly held that the award was alimony for West’s support and maintenance. Consequently, the district court remanded the case to the bankruptcy court for reconsideration of the alimony issue in light of the jury instructions and the special verdict form. On remand, the bankruptcy court reaffirmed its prior order and West again appealed to the district court.
 

 This time, the district court reversed. It found that the jury had intended its $65,000 award to West to be for her support and maintenance and concluded that the obligation was in the nature of alimony and therefore was not dischargeable under 11 U.S.C. § 523(a)(5). Consequently, the district court entered judgment in favor of West and lifted the automatic stay so as to allow her to proceed against Long for collection of the balance of the alimony and attorney’s fees that the state divorce court had awarded her.
 

 The central issue in this appeal is the dischargeability under 11 U.S.C. § 523(a)(5) of Long’s alimony obligation to West. Section 523(a)(5) provides that a debt is not dischargeable in bankruptcy if it is a debt
 

 “(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
 

 (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;”
 

 11 U.S.C. § 523(a)(5).
 

 The parties correctly conclude that the determination of whether alimony is for the recipient’s maintenance and support for purposes of bankruptcy discharge-ability is a matter of federal, not state, law. See
 
 Shaver v. Shaver,
 
 736 F.2d 1314, 1316 (9th Cir.1984). Similarly, they correctly conclude that West, as the party challenging a debt’s dischargeability in bankruptcy, bore the burden of establishing that the alimony award was in the nature of alimony, support or maintenance, and therefore nondischargeable under § 523(a)(5). See Bankruptcy Rule 4005.
 

 The bankruptcy court found that, under the qualification to the general nondis-chargeability of an alimony debt contained in § 523(a)(5)(B), West had not met her burden of proving that the debt was “actually in the nature of alimony, maintenance, or support.” The bankruptcy court held therefore that Long’s alimony obligation was a dischargeable debt. The district court found this conclusion to be clearly erroneous and entered a judgment in favor of West. On appeal, our task is to determine whether the district court erred when it reversed the bankruptcy court’s determination that Long’s alimony obligation was a dischargeable debt. We find that the district court did not err in its reversal of
 
 *931
 
 the bankruptcy court and affirm the district court's judgment in West’s favor.
 

 We have previously held, in the context of a voluntarily executed marital settlement agreement, that the proper test for whether payments are alimony lies in the proof of whether it was the parties’ intention that the payments be for support rather than as a property settlement. See
 
 Melichar v. Ost,
 
 661 F.2d 300, 302 (4th Cir.1981), ce
 
 rt. denied,
 
 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 442. In this case, the parties submitted the issues of alimony and property division to the Georgia jury. Consequently, the issue before this court becomes a question of what the Georgia jury intended the $65,000 lump-sum award to be. See
 
 In re Coil,
 
 680 F.2d 1170, 1172 (7th Cir.1982). Upon examining the record in the Georgia divorce proceeding, which was made a part of the record in this case, we can only conclude that the Georgia jury intended this award to be alimony.
 

 As noted above, the jury designated its $65,000 award to West as alimony. Although this label may not in itself be controlling, it is a significant factor to be considered. See
 
 Melichar,
 
 661 F.2d at 302. This designation is even more significant in the context of an award of alimony which has been submitted to a trier of fact, as in this case, in which it is clear that the difference between alimony and property division is known to the trier of fact and it knowingly chose to designate its award as alimony-
 

 In its instructions to the jury in the Georgia divorce proceeding, the trial court explicitly distinguished property settlements from alimony awards, explaining the nature and purpose of each under Georgia law. The court went on to explain how the jury could award alimony, either in one lump-sum or in installments, with or without any contingent termination provisions. In addition to these extensive instructions distinguishing alimony from property settlements, the trial court in the divorce proceeding also gave the jury a special verdict form to be used in the case. This form contained separate blanks for monetary sums to be paid as property division or as alimony, allowing the jury to award either lump-sum or installment alimony. In a separate section of the verdict form, the court listed the various property settlement issues that the parties had contested.
 

 In its use of this form, the Georgia jury differentiated between the property settlements and the alimony award, listing the $65,000 award as lump-sum alimony. In light of the Georgia trial court’s instructions to the jury that alimony is an award to a spouse for the spouse’s “support” (which we note is an explicit requirement of § 523(a)(5)(B)), we must defer to this explicitly rendered conclusion of intent by the state court jury. Consequently, we conclude that the Georgia jury intended the $65,000 award to West as alimony for her support and maintenance, and therefore the award is not dischargeable in bankruptcy-
 

 Accordingly, the district court’s judgment is
 

 AFFIRMED.