In re Vincent Page BULMAN t/a Norview Coin Shop, Debtor.

Adel H. BULMAN, Plaintiff,

v.

Vincent Page BULMAN t/a Norview Coin Shop, Defendant.

Bankruptcy No. 90–20502–T.
Adv. No. 90–2109–T.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Dec. 18, 1990.

James R. Sheeran, Marcus, Santoro & Kozack, Portsmouth, Va., for debtor/defendant.

Mary G. Commander, Norfolk, Va., for plaintiff.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

The plaintiff, Adel H. Bulman, seeks to determine the dischargeability under 11 U.S.C. § 523(a)(5) of awards made in her favor in a decree of divorce from the debtor, Vincent Page Bulman. This adversary proceeding comes before the court on cross motions for summary judgment as to a lump sum award by the divorce court and an award for attorney's fees and court costs. The parties submitted memoranda of their positions and waived oral argument. After considering the pleadings and memoranda this court concludes that the lump sum award constituted a property award which is not excepted from discharge; however, the award for attorney's fees and court costs will be excepted from discharge.

### Facts

The plaintiff and defendant were married on April 16, 1968. In 1985, the plaintiff filed for a divorce. On May 12, 1987, the Court referred the case to a commissioner in chancery to take evidence and make findings of fact. The commissioner filed his report on January 5, 1989, detailing his findings of fact. A final decree was entered by the court on September 12, 1989.

After considering the factors set forth in Va.Code § 20–107.3(E), Virginia's equitable distribution statute, the court confirmed the commissioners report that each party should receive 50% of the marital assets. In paragraph 10 of the final decree the court ·made a monetary award of $182,-125.00 with interest in favor of the plaintiff. If the lump sum was not paid within thirty days of the decree then judgment in that amount would be entered.

Paragraph 11 of the final decree ordered the payment of "temporary spousal support" of $1,131.00 per month to be paid until the defendant paid the lump sum award in paragraph 10. Paragraph 11 continued: "Thereafter, and upon notice, the Court shall hear evidence and determine the amount, if any, the defendant shall pay to the plaintiff as spousal support." The decree makes no provision that the temporary support payments are to be credited to the lump sum award.

Paragraph 12 of the final decree ordered the defendant to pay to the plaintiff $3,500.00 for attorney's fees and $1,024.50 for court costs.

The debtor filed a chapter 7 bankruptcy petition on February 12, 1990, and the plaintiff brought this adversary proceeding to determine the dischargeability of the award made in the final decree. In her motion for summary judgment the plaintiff maintains that paragraph 11 of the final decree clarifies that the $182,125.00 award was intended to serve as spousal support. The defendant counters that the final decree specifically made a separate finding on spousal support in its award of $1,131.00 per month, and that therefore, the lump sum award was not in the nature of alimony, support, or maintenance. Neither party requests the court to make a determination with respect to the monthly payments in paragraph 11.

### Discussion

■ 11 U.S.C. § 523(a)(5) excepts from discharge debts to a spouse in connection with a divorce decree if the debts are actually in the nature of alimony, maintenance, or support. The burden is on the plaintiff to prove by a preponderance of the evidence that the debtor's debt should be declared nondischargeable. *Macys v. Macys (In re Macys)*, 115 B.R. 883, 890 (Bankr.E. D.Va.1990). *See also Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988); *Seery v. Basham (In re Basham)*, 106 B.R. 453 (Bankr.E.D.Va.1989).

■ While state law may be relevant and probative, the question whether a debt is actually in the nature of alimony, maintenance, or support is governed by federal law. *Long v. West (In re Long)*, 794 F.2d 928, 930 (4th Cir.1986); *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2nd Cir.1981). *See also* 3 L. King *Collier on Bankruptcy* ¶ 523.15[1] (15th ed. 1990).

### LUMP SUM AWARD

I have previously had the opportunity to examine the Virginia statutes on support and equitable distribution as they relate to dischargeability and concluded that there was enough flexibility in Virginia's equitable distribution statute that a court could make an award under it that was actually in the nature of alimony, maintenance, or support. *Macys*, at 892. Therefore, a bankruptcy court examining a Virginia award should not make its determination based solely upon which section of the statute the award was made. In this case, the court looks to the intent of the circuit court in entering its final decree. *Id.*

■ The circuit court arrived at the amount of $182,125.00 by calculating the value of fifty percent of the marital assets remaining at the time of the decree. The ratio of fifty percent was derived by the court after consideration of "all of the factors set forth in Section 20–107.3(E) of the Code of Virginia." Although this alone is not determinative, it is relevant that the court made a separate award in paragraph 11 of "temporary spousal support" and retained jurisdiction to modify that amount in the future.

■ The plaintiff argues that paragraph 11 clarifies that the lump sum award was spousal support. This court comes to the opposite conclusion. Since the circuit court

decree made a separate and apparently exclusive award for temporary spousal support the logical inference is that the lump sum award is not support. Although the payment of support is temporarily tied to the event of payment of the lump sum award this court finds it dispositive that the temporary support payments are required separately. The fact that payment of the lump sum is the "stopping point" for the support payments is irrelevant. Possession of such a large amount of cash is a legitimate concern in considering the need for support, and payment of the award is a rational point in time for the court to reevaluate the need for support. Accordingly, this court holds that the award of $182,125.00 in paragraph 10 of the final decree is not nondischargeable under § 523(a)(5).

## ATTORNEYS FEES AND COURT COSTS

The plaintiff seeks a declaration that the circuit court's award of attorney fees and court costs is nondischargeable under § 523(a)(5).

■ The defendant asserted in his answer to the complaint in this adversary that this court cannot determine the dischargeability of the attorney's fees and court costs since Mr. Lipkin is not a party plaintiff and that therefore this court is without jurisdiction of a necessary party. This issue was never brought on as a motion to dismiss or motion for joinder, nor has the defendant taken any position regarding it in response to the plaintiff's motion for summary judgment. Nevertheless, the court addresses the issue since it raises the issue of jurisdiction.

Despite the reference to Mr. Lipkin as a necessary party, this court interprets the defense as relating to F.R.C.P. 17(a), dealing with real parties in interest, rather than F.R.C.P. 19(a) dealing with indispensable parties. Both rules are made applicable to bankruptcy proceedings by bankruptcy rules 7017 and 7019, respectively. Rule 17(a) provides in pertinent part:

Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Civ.P. 17(a).

Both the plaintiff and her attorney have a sufficient interest in the outcome of the attorney's fees and court costs issue to make each of them a real party in interest: the plaintiff, because her liability to her attorney most likely depends on the outcome; Mr. Lipkin, because the award was expressly ordered to be paid to him. In the case where there appears to be two real parties in interest in dischargeability actions, bankruptcy courts have permitted the adversary to be brought conditioned upon joining the other party to an amended complaint or filing a letter by the other party ratifying the conduct of the litigation on its behalf. *Waskiewicz v. Tuzzolino (In re Tuzzolino)*, 70 B.R. 373, 376 (Bankr.N.D.N.Y.1987); *Shomer v. Wuttke (In re Wuttke)*, 2 B.R. 362, 364 (Bankr.D.N.J. 1980).

■ An award of attorney's fees and court costs may be classified as nondischargeable under § 523(a)(5). *See, e.g., Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky)*, 897 F.2d 743, 744 (4th Cir.1990); *Pauley v. Spong (In re Spong)*, 661 F.2d 6, 9 (2d Cir.1981); *Sposa v. Sposa (In re Sposa)*, 31 B.R. 307 (Bankr.E.D.Va. 1983). Whether or not a fee award is dischargeable depends on whether the debt relating to the fees is dischargeable. *Boggess v. Boggess (In re Boggess)*, 105 B.R. 470, 473 (Bankr.S.D.Ill.1989); *Sposa*, at 310. In addition, a bankruptcy court may find a fee award to be in the nature of alimony, maintenance, or support even though the fee award was for services in the divorce litigation in which both property division and support were at issue. *See Amlong & Amlong v. Patrick (In re Patrick)*, 106 B.R. 743, 745 (Bankr.S.D.Fla. 1989); *Boggess v. Boggess (In re Boggess)*, 105 B.R. 470, 473 (Bankr.S.D.Ill.1989).

■ In the present case, neither the circuit court nor the commissioner in chancery

directly expressed why attorney's fees and court costs were awarded to the plaintiff. Nevertheless, it appears to be uncontested that the award was for services in divorce litigation where both property and support were at issue. Accordingly, this court finds that the award of attorney's fees and court costs is sufficiently related to the order of support payments to justify a finding that the award is actually in the nature of alimony, support, or maintenance. The court however conditions this finding upon Mr. Lipkin filing a letter ratifying the plaintiff's bringing of this adversary proceeding on his behalf.

### Conclusion

The plaintiff's motion for summary judgment is partially denied to the extent it seeks declaration that the $182,125.00 lump sum award is nondischargeable and partially granted to the extent that the award of attorney's fees and court costs are declared nondischargeable. Judgment on the attorney's fees and court costs is conditioned on the filing of a letter by Mr. Lipkin ratifying the adversary proceeding. The defendant's motion for summary judgment is granted, and the judgment of $182,125.00, plus interest is declared not in the nature of alimony, support, or maintenance. A separate order will be issued.