**In re Kenneth W. ZERBE, Debtor.**

**Jeffrey J. BEATON, Yolanda R. Zerbe, and Beaton & Hart, P.C., Plaintiffs/Appellees,**

v.

**Kenneth W. ZERBE, Defendant/Appellant.**

No. 2:93cv856.

United States District Court, E.D. Virginia, Norfolk Division.

Jan. 5, 1994.

Albert L. Fary, Jr., Portsmouth, VA, for defendant/appellant.

Jeffrey Jacob Beaton, Beaton & Hart, P.C., Virginia Beach, VA, for plaintiffs/appellees.

## OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on Debtor Kenneth W. Zerbe's appeal from the final order of the bankruptcy court entered July 9, 1993. In its order the bankruptcy court held that certain debts of debtor, namely attorney's fees owed to his ex-wife's attorney and costs of a state court action, were non-dischargeable under 11 U.S.C. § 523(a)(5). This court has jurisdiction under 28 U.S.C. § 158(a).

### I. Factual Background

On November 30, 1992, debtor Kenneth Zerbe filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Norfolk Division. At the time of the filing, debtor was obligated under an order from the Virginia Beach Circuit Court to pay to appellee Jeffrey Beaton the amount of $1500.00. This amount was for services performed by Mr. Beaton on behalf of appellee Yolanda Zerbe in the Zerbes' divorce. Debtor was also ordered to pay a sixty percent share of the costs of the action. The same state court order provided that the parties waived any rights to alimony, support, or maintenance.

Debtor listed the two debts on his bankruptcy petition. Appellees objected to the dischargeability of the debts, maintaining that the debts could not be discharged due to the provisions of 11 U.S.C. § 523(a)(5). The sole issue on appeal is whether the bankruptcy court erred in finding that the debts for attorney's fees and costs were not dischargeable under 11 U.S.C. § 523(a)(5).

### II. Standard of Review

Factual findings of the bankruptcy court will not be set aside unless they are clearly erroneous, and "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankr.R. 8013. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Cooper v. Ashley Communications, Inc. (In re Morris Communications NC, Inc.)*, 914 F.2d 458, 467 (4th Cir.1990). The dischargeability of attorney's fees under 11 U.S.C. § 523(a)(5) is a factual determination that is subject to clearly erroneous review. *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057–58 (8th Cir.1983).

### III. Analysis

Section 523(a)(5) of the Bankruptcy Code provides, in relevant part,

[a] discharge under ... this title does not discharge an individual debtor from any debt ... to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record....

Since discharge is favored by the Code, the party to whom the debt is owed has the burden of proof to demonstrate that the debt is non-dischargeable under § 523. *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir.1986). The proof required is that of a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). Furthermore, federal law, not state law, governs the question of whether or not a debt is in the nature of "support" or "maintenance" and thus non-dischargeable. *Long v. West (In re Long)*, 794 F.2d 928, 930 (4th Cir.1986).

"[U]ndertakings by one spouse to pay the other's debts, including a debt to a lawyer for fees, can be 'support' for bankruptcy purposes." *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983). Thus, it makes no difference in this case that the payment was to be made to an attorney rather than to debtor's ex-wife. The majority of courts have held that debts in the nature of attorney's fees from a divorce are in fact debts for support or maintenance of the ex-spouse and thus non-dischargeable. *See, e.g., Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky)*, 897

F.2d 743, 744 (4th Cir.1990); *Brace v. Moran (In re Brace )*, 13 B.R. 551, 553 (Bankr. N.D.Ohio 1981).

■ In this circuit, the question of whether or not a debt is in the nature of alimony, support, or maintenance is largely a question of intent. Debtor here relies on the case of *Melichar v. Ost,* 661 F.2d 300 (4th Cir.1981), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 442 (1982), for the proposition that it is the intent of the parties to the divorce that controls. He argues that no evidence of the parties' intent was presented. However, *Melichar* dealt only with the situation in which the parties voluntarily agreed to a settlement. In a case where a factfinder such as a judge or jury makes the decision that one party must pay the other's attorney's fees, it is the intention of the finder of fact, not of the parties, that controls. *Bangert v. McCauley (In re McCauley )*, 105 B.R. 315, 320 (E.D.Va.1989). Here, there was evidence presented by William B. Smith, the Commissioner in Chancery, as to his intent when he filed his report recommending that debtor pay the fees and costs. Moreover, examination of a written document is persuasive evidence of intent. *Tilley v. Jessee,* 789 F.2d 1074, 1077 (4th Cir.1986). The state court order in this case clearly says that debtor is ordered to pay the fees and costs upon consideration of the parties' respective incomes, assets, and ability to defray the cost of the divorce. Final Decree of Divorce at 9. This language suggests that the provision was included to assist in the ex-wife's maintenance and support. Under all of these circumstances, sufficient evidence of intent was presented in the bankruptcy proceeding.

Debtor argues, however, that the debt cannot be in the nature of support or maintenance because appellee Yolanda Zerbe specifically waived any such payment in the decree itself. The state court order does note that such waiver was made. Final Decree of Divorce at 6. However, the fact that formal payments of support were waived does not necessarily lead to the conclusion that the payment of these fees and costs was not intended to be a form of support. "The waiver of alimony has no effect on the Bankruptcy Court's obligation to determine the nature and effect of the award of attorney's fees." *Friedland v. Friedland, (In re Friedland )*, 18 B.R. 451, 453 (Bankr.S.D.Fla.1982). Thus, a debt for attorney's fees can be in the nature of support even though the ex-spouse has made a waiver of such support. *See Russo v. Wisniewski (In re Wisniewski )*, 109 B.R. 926, 930 (Bankr.E.D.Wis.1990). Given the testimony of Mr. Smith that the fees were intended to be support, and given the language of the document itself, the court cannot say that the bankruptcy court's conclusion of non-dischargeability was clearly erroneous.

## IV. Conclusion

Finding no error in the bankruptcy court's ruling, this court AFFIRMS the bankruptcy court's finding that the debts for attorney's fees and costs are non-dischargeable under 11 U.S.C. § 523(a)(5).

Pursuant to Rules 6(b) and 4(a) of the Federal Rules of Appellate Procedure, any notice of appeal from this final order shall be filed, in writing, with the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of this order.

The Clerk is DIRECTED to send a copy of this order to all counsel of record and to the United States Bankruptcy Court for the Eastern District of Virginia.

It is so ORDERED.