In re Henry L. FOILES, III, Debtor.

Helen W. TAYLOR, f/k/a Helen W. Foiles, David H. Beck, Commissioner in Chancery, Plaintiffs,

v.

Henry L. FOILES, III, Defendant.

Bankruptcy No. 92–23766–T.
Adv. No. 92–2196.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

June 17, 1994.

Steven L. Brown, Tolerton & Brown, P.C., Norfolk, VA, for plaintiffs.

Jane B. Wrightson, Marcus, Santoro & Kozak, Portsmouth, VA, for debtor/defendant.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This proceeding comes before the court on plaintiffs' complaint to determine the dis-

chargeability of attorney and commissioner fees awarded against debtor defendant pursuant to 11 U.S.C. § 523(a)(5) and on the plaintiff's motion to reconsider the judgment order entered April 28, 1994, which dismissed the complaint. At trial the parties stipulated to the facts and agreed to submit the case on brief. For the reasons stated in this memorandum opinion judgment will be entered for plaintiffs.

## Findings of Fact

Debtor filed a voluntary chapter 7 petition on June 29, 1992. Included in the schedules were two obligations stemming from debtor's divorce from plaintiff Taylor. In the state court divorce litigation, the circuit judge had referred the case to plaintiff Beck as commissioner in chancery. Under the Virginia procedure the commissioner took evidence and made recommendations to the trial judge who made a final determination of all issues presented, including entry of a decree of divorce.

The final decree entered by the state circuit court ordered debtor to pay $5,500.00 of Taylor's attorney fees and $4,000.00 of commissioner fee to plaintiff Beck. The final decree awarded no spousal support to either party but did award child support to the plaintiff Taylor.

This court finds the facts surrounding the divorce proceedings as stipulated by the parties. These and other facts found by the court are discussed below.

## Discussion and Conclusions of Law

Plaintiffs seek to except from discharge attorney and commissioner fees assessed against debtor by claiming that the fees are in the nature of alimony, maintenance or support. They do so even though the final decree awarded no spousal support.

Debts to a spouse in the nature of alimony, maintenance or support are excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). Federal law governs whether a debt is actually in the nature of alimony, maintenance or support. *Long v. West (In re Long)*, 794 F.2d 928, 930 (4th Cir.1986). The plaintiff has the burden of proving by a preponderance of the evidence that a debt should be excepted from discharge. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755 (1991).

In the Fourth Circuit, opinions of our Court of Appeals give general guidelines for a case by case determination of the dischargeability of this type of liability. *See In re Long*, 794 F.2d at 928; *Tilley v. Jessee*, 789 F.2d 1074 (4th Cir.1986); *Melichar v. Ost (In re Melichar)*, 661 F.2d 300 (4th Cir.1981), *cert. denied*, 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 442 (1982).

The nature of a spousal support award is based upon the intent of the parties where there is an agreement or as in the instant case upon the intent of the divorce court in making the award. *In re Long*, 794 F.2d at 931.

Thus in determining the nature of the award here, the divorce court's intent must be considered, and the final decree may be weighed as evidence of that intent. Also, where a final decree follows a commissioner's report, that report also may be considered. *Hirschler, Fleischer, Weinberg, Cox & Allen v. El–Amin (In re El–Amin)*, 145 B.R. 836, 838 (Bankr.E.D.Va.1991) (citations omitted). Moreover, it makes no difference whether the payment is to be made to the attorney or the ex-spouse. *Beaton v. Zerbe (In re Zerbe)*, 161 B.R. 939, 940 (E.D.Va.1994).

The court may determine that attorney fees and costs are nondischargeable even when there is no award of spousal support. *See In re Zerbe*, 161 B.R. at 941 (debts for attorney fees and costs found nondischargeable even though the ex-spouse waived spousal support).

In the parties' divorce proceedings, the principal issue concerned the award of child support, which the divorce court awarded to plaintiff Taylor over debtor's strenuous opposition. Although plaintiff sought spousal support also, it was not awarded by the divorce court primarily because neither party had resources to pay spousal support. Debtor appealed the child support award to the Court of Appeals of Virginia which upheld the trial court.

In the dischargeability case before this court several documents serve as potential indicators of the divorce court's intent in assessing attorney and commissioner fees against debtor.

First, the final decree of divorce merely assesses costs against debtor as well as attorney fees which form the basis of plaintiffs' complaint. The final decree was preceded by a memorandum opinion in which the judge marvelled at the length and contentiousness of the divorce litigation. The opinion also placed debtor at fault for the amount of attorney fees incurred in the divorce and notes that it would be unjust to impose the cost of the litigation on plaintiff Helen W. Taylor.

Plaintiff Beck's commissioner's report found that debtor had no special needs and no financial resources of his own. Beck observed that debtor's parents financed the divorce litigation, and he also pointed out in his report that neither party, individually, had the assets to pursue litigation of this magnitude.

Finally, an additional source of the court's intent is Beck's deposition taken February 3, 1994, in which he indicates that debtor was assessed fees and costs because, having the support of his parents, debtor was the only party who seemed to have access to funds. Debtor's parents made no representations concerning the continuing funding of the litigation; however, it was apparent to Beck that debtor had an indirect source of payment.

In summary, the divorce litigation record reflects that the fact finders recognized that both parties were in dire financial straits and that neither was financially able to pay the costs and fees. The fundamental reason the commissioner made the award against debtor was due to debtor's possible financial backing by his parents. This does not reflect a finding of support, as I will not impute the financial resources of debtor's parents to debtor in order to bolster debtor's relative financial position.

The comments of the trial judge suggest that he felt the award was justified because debtor unnecessarily prolonged the proceedings, thereby increasing costs and fees. I see this rationale as a balancing of the equities more than a determination of support although support is a possibility.

I conclude that the evidence does not establish that the divorce court intended to make an award of support. But neither does the evidence of the court's intent rule out my finding that it was support. Rather, at best there is an ambiguity concerning the divorce court's intent in making the award.

Where there is an ambiguity as to the intent of a marital agreement or divorce court financial award, federal courts have relied upon a number of other factors to determine the dischargeability of a required spousal payment. *See Gianakas v. Gianakas (In re Gianakas),* 917 F.2d 759, 762–63 (3d Cir.1990); *Goin v. Rives (In re Goin),* 808 F.2d 1391, 1392–93 (10th Cir.1987); *Catron v. Catron (In re Catron),* 164 B.R. 912, 918–19 (E.D.Va.1994).

The traditional bankruptcy factors which I find relevant here are (1) the relative financial position of the parties and (2) the function served by the obligation. *In re Catron,* 164 B.R. at 919. RELATIVE FINANCIAL POSITION.

The court should consider "whether one spouse was employed in a less remunerative position than the other ... and whether one spouse has custody of the other spouse's minor children." *In re Catron,* 164 B.R. at 919 (citations omitted). Since the result of the divorce litigation was to grant custody and award child support to plaintiff Taylor, this factor weighs plainly in favor of a finding that the attorney and commissioner fee awards were support. FUNCTION SERVED BY THE AWARD.

"An agreement that serves to provide such necessities as food, clothing, shelter and transportation is indicative of debt intended to be in the nature of support...." *In re Catron,* 164 B.R. at 919 (citations omitted). This factor is neutral and does not require a finding of support in our case.

In *Bulman v. Bulman (In re Bulman),* 123 B.R. 24, 27–28 (Bankr.E.D.Va.1990), I held that where an award of attorney fees is made in conjunction with an award of spousal

support, then despite the absence of other evidence of intent the attorney fees are also spousal support. Plaintiff urges me to extend the *Bulman* ruling here to hold that the plaintiff's award of fees was merely an extension of the child support award and therefore constituted nondischargeable support. This argument has merit.

A recent district court opinion in this district suggests that awards of attorney fees in divorce cases are usually held to be nondischargeable spousal support. *Beaton v. Zerbe (In re Zerbe)*, 161 B.R. 939, 940 (E.D.Va.1994). I generally agree with this statement of dicta, although I do not view it as requiring this court to overlook the traditional support tests.

In summary, although it is a close call, since the divorce litigation involved issues of support which were decided in favor of the debtor's wife, I find that the disputed awards are also in the nature of support; they must therefore be excepted from discharge under § 523(a)(5).