Henry Lee FOILES, III, Appellant,

v.

Helen W. TAYLOR, f.k.a., Helen W. Foiles, and David H. Beck, Commissioner in Chancery, Appellees.

Civ. A. No. 2:94cv852.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 2, 1994.

Jane B. Wrightson and Ann Burke Brogan, Marcus, Santoro & Kozak, Portsmouth, VA, for Henry Lee Foiles, III.

Steven L. Brown, Tolerton and Brown, P.C., Norfolk, VA, for Helen W. Taylor, f.k.a., Helen W. Foiles, and David H. Beck, Com'r in Chancery.

Debera F. Conlon, Office of the U.S. Trustee, Norfolk, VA, for U.S. Trustee.

### MEMORANDUM ORDER

CLARKE, District Judge.

This matter comes before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Virginia. For the reasons set forth below, the decision of the Bankruptcy Court is **AFFIRMED.**

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

On November 21, 1988 Henry Lee Foiles ("Foiles") filed a Bill of Complaint with the Circuit Court for the City of Fredericksburg (the "Divorce Court") seeking a divorce against Helen W. Taylor ("Taylor"). As the proceedings were "contentious and protracted," the matter was submitted to David H. Beck ("Beck"), a Commissioner in Chancery. Beck issued a report regarding the following issues: grounds for divorce, child support, spousal support, costs, and attorney's fees. The parties did not dispute the custody of their minor child, Andrew Foiles, or the allocation of their marital property, which was insubstantial.

The Divorce Court adopted Beck's recommendations after a hearing on the matter and held that Foiles be granted a divorce, that Foiles increase his monthly child support payments to Taylor from $350 to $374.89, and that neither party be required to pay spousal support. Furthermore, Foiles was ordered to pay his own attorney's fees, one-half of Taylor's attorney's fees ($5,500), and the $4,000 commissioner's fee. Foiles appealed to the Virginia Court of Appeals, which affirmed on each issue presented.

On June 29, 1992 Foiles filed a voluntary Chapter 7 Petition. Foiles included on his schedules both the $5,500 obligation to Taylor and the $4,000 obligation to Beck. Taylor and Beck then asked the Bankruptcy Court to except those obligations from discharge under 11 U.S.C. § 523(a)(5). Initially, the Bankruptcy Court ruled that the obligations were not excepted. *See* Memorandum Opinion, April 28, 1994, 1994 WL 282529. However, upon Appellees' Motion to Reconsider,[1] the Bankruptcy Court vacated the previous judgment and found the obligations to Taylor and Beck not dischargeable. *See* Amended Memorandum Opinion, June 20, 1994, 176 B.R. 420.

Foiles' subsequent Motion to Reconsider was denied, and he appealed to this Court.

---

1. Reconsideration was granted because, in the initial Memorandum Opinion, the Bankruptcy Court erroneously believed that the Divorce Court awarded "neither spousal nor child support." In fact, child support was awarded.

## II. JURISDICTION AND STANDARD OF REVIEW

■ This matter comes before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 158(a). The issues presented shall be decided with respect to the appropriate standards of review: findings of fact are subject to review only for clear error while questions of law are reviewed *de novo*. *United States v. Gypsum*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *In re Catron*, 164 B.R. 912, 915 (Bankr.E.D.Va.1994).

## III. ANALYSIS

### A. *11 U.S.C. § 523(a)(5):*

The central issue in this appeal is whether Foiles' obligations to Taylor and Beck are dischargeable under 11 U.S.C. § 523(a)(5)(B). This is purely a question of federal law. *Id.* at 916. Under § 523, a debt is not dischargeable in bankruptcy if it is a debt,

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
>> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support ...

11 U.S.C.A. § 523(a)(5)(B) (West 1993).

■ Intent is the key issue when determining dischargeability under § 523(a)(5). *In re Long*, 794 F.2d 928, 931 (4th Cir.1986) (court must consider intent of the jury). Thus, where the obligations in question arise from the decree of a state divorce court, the Bankruptcy Court, in applying § 523(a)(5), is required to consider the intent of the state court. *Hirschler, Fleischer, Weinberg, Cox & Allen v. El–Amin (In re El–Amin)*, 145 B.R. 836, 838 (Bankr.E.D.Va.1991). That is, whether the Fredericksburg City Circuit Court intended the payments to Taylor and

Beck to be in the nature of alimony, maintenance or support. In addition, where the divorce court's final decree follows a commissioner's report, that report may be probative of the divorce court's intent. *Beaton v. Zerbe (In re Zerbe)*, 161 B.R. 939, 940 (E.D.Va.1994).

### B. *Appellant's Assignment Of Error:*

Foiles assigns numerous errors to the Bankruptcy Court in its application of § 523(a)(5). The Court will address those putative errors in turn.

**1. Judge Tice's decision to consider the "traditional bankruptcy factors" was within his discretion as a matter of law and did not serve to misallocate the Burden of Proof.**

■ Foiles first argues that, by considering factors which are "irrelevant" to a determination of judicial intent, Judge Tice incorrectly applied the Burden of Proof. In the Amended Memorandum Opinion, the Bankruptcy Court observed that:

> the evidence [2] does not establish that the divorce court intended to make an award of support. But neither does the evidence of the court's intent rule out my finding that it was support. Rather, at best there is an ambiguity concerning the divorce court's intent in making the award.

Amended Memorandum Opinion at 423. Therefore, Judge Tice proceeded to consider two "traditional" bankruptcy factors: "relative financial position" and "function served by the award." After considering these factors, Judge Tice found for the Appellees.

Foiles avers that the Bankruptcy Court erred in considering these additional factors. Under Appellant's view, once Judge Tice determined that the Written Evidence (*see* footnote 2) created an ambiguity, the debt should have been discharged because under § 523(a)(5) the Burden of Proof lies with the Appellee. While we agree with Foiles' statement of the law, *Tilley v. Jessee*, 789 F.2d

---

**2.** The "evidence" Judge Tice speaks of is the divorce decree, the memorandum opinion in support of the divorce decree, Commissioner Beck's report and Beck's deposition (the "Written Evidence").

1074, 1077 (4th Cir.1986), the Court disagrees with his conclusion.

█ It is true that Taylor and Beck are required to prove by a preponderance of the evidence that the obligations at issue were intended *by the Divorce Court* to be in the nature of alimony, maintenance or support. However, despite Foiles' unsupported claims to the contrary, the Bankruptcy Court, in its discretion, is free to consider all relevant evidence which goes to the Divorce Court's intent.[3] *In re McCauley,* 105 B.R. 315, 318–19 (E.D.Va.1989) (no "fixed hierarchy" of factors is required) (J. Ellis). In other words, the Bankruptcy Court need not limit its inquiry to any certain category or quantum of evidence.[4] Thus when Judge Tice decided that the Written Evidence in this case was "ambiguous" on the question of judicial intent, he was entirely within his province to consider additional factors contained in the record. *See Id.* at 319 (The choice of factors to consider is "uniquely a function committed to the discretion of the trier of fact."); *Catron,* 164 B.R. at 918 (There is "no uniformly accepted calculus" to make the determination of which debts are dischargeable.).[5] In fact, the *McCauley* court explicitly notes that the "presence of minor children" and the "relative income of the parties" can be relevant to the requisite intent determination. 105 B.R. at 319.

Contrarily, the result of Foiles' argument would be to limit the purview of the Bankruptcy Court as fact finder. Consistent with the Judge Ellis' observations in *McCauley,* we can conceive of no reason in logic or law to bind the discretion of the Bankruptcy Court in such an artificial manner. Certainly Foiles provides us with none. Therefore, in attempting to divine the intent of the Divorce Court, we find that Judge Tice was authorized as a matter of law to inquire into the relative financial position of the parties and the function served by the award. Accordingly, these inquiries did not serve to misallocate the Burden of Proof.[6]

**2. Judge Tice's decision that Foiles' obligations to Taylor and Beck were "actually in the nature of alimony, maintenance or support" was not clearly erroneous.**

█ Foiles next contends that Judge Tice's holding was without an adequate factual basis. The dischargeability of attorney's fees under § 523(a)(5) is a factual determination subject to clearly erroneous review. *In re Zerbe,* 161 B.R. at 940.

█ As discussed above, in the Amended Memorandum Opinion, Judge Tice found the Written Evidence in equipoise. He then considered two factors outside the Written Evidence: "relative financial position" and "function served by the award." Of these two factors, only the former proved relevant to Judge Tice's decision.

According to the Bankruptcy Court, an inquiry into the relative financial position of the parties includes questioning whether "one spouse has custody of another spouse's minor child." Amended Memorandum Opinion at 423–24. Therefore, Judge Tice reasoned that because "the result of the divorce litigation was to grant custody and award child support to ... Taylor, this factor weighs plainly in favor of a finding that the attorney and commissioner fee awards were support." *Id.* at 423–24. Judge Tice goes on to conclude that "although its a close call,

---

**3.** Foiles also argues that by considering these additional factors, the Bankruptcy Court improperly shifted its focus from the intent of the Divorce Court to the intent of the Parties. This argument is without merit: the relative financial position of the parties may have played an important role in the Divorce Court's decree. It is these very questions of fact which Judge Tice was uniquely situated to evaluate.

**4.** Indeed, one persuasive bankruptcy court opinion lists eighteen relevant factors. *See McCauley,* 105 B.R. at 318 (*citing Coffman v. Coffman,* 52 Bankr.L. rep. (CCH) 667 (Bankr.D.Md.1985)).

**5.** The Court notes that binding authority exists for the proposition that it is sufficient for a court, in its discretion, to limit its inquiry to the pleadings and the language of the state court decree. *See West v. Bank of Commerce & Trusts,* 153 F.2d 566 (4th Cir.1946). However, the converse is not also true. That is, the Court finds no case holding that such a limitation is required.

**6.** The Amended Memorandum Opinion makes clear that the Burden of Proof rested with Taylor and Beck throughout the proceedings. Amended Memorandum Opinion at 422.

since the divorce litigation involved issues of support which were decided in favor of the debtor's wife, I find that the disputed awards are also in the nature of support." *Id.* at 424.

Foiles interprets the Bankruptcy Court's opinion as holding that,

> every time a state court awards a spouse attorney's fees and costs in the same decree with child support, the award of fees would be non-dischargeable, even if there is not a sliver of evidence that the state court intended for the attorney's fees and costs to be in the nature of support.

Appellants Brief In Reply at 4.[7]

However, we do not believe that Judge Tice's reasoning establishes the kind of *per se* rule which Foiles fears. In fact, Judge Tice explicitly states that in order to find attorney's fees nondischargeable, the "traditional support tests" are required. Amended Memorandum Petition at 424. Furthermore, Judge Tice's analysis bears out the Bankruptcy Court's adherence to the prevailing legal standard: divining the intent of the state trial court.

Foiles argues that the relative financial position inquiry was Judge Tice's "sole authority for the conclusion that the awards of attorney's fees and costs were somehow related to a determination of the child support amount." Appellant's Brief in Reply at 3. However, this is not so: Judge Tice states that he considered the divorce decree, the memorandum accompanying the divorce decree,[8] the commissioner's report and Beck's deposition testimony. The fact that the relative financial position inquiry was perhaps the *deciding factor* does not mean that it was the *sole factor* in the Bankruptcy Court's decision.

The record establishes that neither party was able to pay the court costs and fees because both Foiles and Taylor were in "dire financial straits." Therefore, when the Divorce Court provided child support for Andrew, it is not beyond reason that the monetary costs[9] of establishing Foiles' legal obligation to his son were intended to be in the nature of alimony, maintenance or support. That is, resources not required to fund litigation could instead be earmarked for the support and care of Andrew. This conclusion is especially likely given the fact that the only "major issues" involved in this litigation were spousal support, which was ultimately not awarded, and child support.[10] Beck Deposition at 10. Therefore, the Court cannot say that based on the entire record it has "a definite and firm conviction that a mistake has been made." *See In re Zerbe*, 161 B.R. at 940 (articulating the application of clearly erroneous standard of review).

### C. *Conclusion:*

Accordingly, we **AFFIRM** the findings of the Bankruptcy Court that the debts owed Taylor and Beck are nondischargeable under 11 U.S.C. § 523(a)(5).

Pursuant to Rules 6(b) and 4(a) of the Federal Rules of Appellate Procedure, any notice of appeal from this final order shall be filed, in writing, with the Clerk of the United States District Court within thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

---

7. Indeed, Judge Tice remarks in dicta that,
   > where an award of attorney's fees is made in conjunction with an award of spousal support, then despite the absence of other evidence of intent the attorney fees are also spousal support.

   Amended Memorandum Opinion at 423–24 (*citing Bulman v. Bulman (In re Bulman)*, 123 B.R. 24, 23–24 (Bankr.E.D.Va.1991) (J. Tice)).

8. Judge Tice read the Divorce Court's opinion as placing Foiles "at fault for the amount of the attorney's fees incurred in the divorce."

9. We include in this amount both the attorney's fees and the fees owed to Beck as Commissioner.

*See In re Sposa*, 31 B.R. 307 (Bankr.E.D.Va. 1983). Foiles urges that the commissioner's fees are dischargeable because Taylor is not secondarily liable for them. However, the relevant test under *Sposa* is whether the fees were a necessary element of obtaining the decree. *Id.* at 307.

10. Further supporting the Bankruptcy Court's conclusion is the fact that it was Foiles' own misguided litigiousness which generated the lion's share of the disputed fees. Indeed, of the three and one-half days which Beck spent taking evidence, more than two and one-half of those days were devoted to Foiles testimony. Beck Deposition at 7.