In re Robert Michael **EWING,** Debtor.

Patricia **EWING,** Plaintiff,

v.

Robert Michael **EWING,** Defendant.

Bankruptcy No. 93–26424.
Adv. No. 94–2065.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Nov. 28, 1994.

Victoria V. Humphreys, Virginia Beach, VA, for debtor.

Carolyn L. Camardo, Marcus, Santoro & Kozak, Portsmouth, VA, for plaintiff.

### MEMORANDUM OPINION AND ORDER

DAVID H. ADAMS, Bankruptcy Judge.

This proceeding comes before the Court on the complaint of Patricia Ewing for a determination under 11 U.S.C. § 523(a)(5)(B) that all sums due in connection with her divorce from the debtor, Robert Michael Ewing, are in the nature of support and thereby nondischargeable. Specifically, plaintiff refers to the award she received in the Circuit Court of the City of Chesapeake directing the debtor to reimburse her for attorney's fees, commissioner's fees, and court costs incurred in the divorce proceeding. The parties agreed to waive oral argument and an evidentiary hearing, and submitted the adversary proceeding to the Court on a stipulation of facts and memoranda of law. For the reasons set forth in this Memorandum Opinion, the commissioner's fees and court costs in the amount of $3,561.00 and attorney's fees in the amount of $4,000.00 awarded to Patricia Ewing pursuant to the Final Decree of Divorce by the circuit court are not dischargeable under 11 U.S.C. § 523(a)(5)(B) as such obligations are in the nature of support.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and 11 U.S.C. § 523(a)(5)(B).

### STATEMENT OF FACTS

Patricia Lynn Ewing and Robert Michael Ewing were married on May 23, 1981. One child was born of the marriage and is presently a minor in the physical custody of Patricia Ewing. On January 12, 1994, the parties were divorced by final decree ("Divorce Decree") of the Circuit Court of the City of Chesapeake, Virginia. The debtor, Robert Michael Ewing, filed Chapter 7 on December 30, 1993. The plaintiff, Patricia Ewing, is listed as an unsecured non priority creditor on the bankruptcy schedules.

The parties commenced state court divorce proceedings in 1989, and the matter was subsequently referred to a commissioner in chancery, who, after hearing evidence on six separate dates, filed his recommendations in a report with the circuit court on November 16, 1992. The commissioner's recommendations addressed, *inter alia,* the grounds for divorce, spousal support, child support, custody, and equitable distribution. Specifically the commissioner recommended (1) denying spousal support for the benefit of Robert Ewing; (2) reserving spousal support for the benefit of Patricia Ewing; (3) awarding joint legal custody of the child, but granting Patricia Ewing physical custody; and (4) awarding Patricia Ewing $467.00 per month in child support. The commissioner also recommended that Robert Ewing pay the commissioner's fee in the amount of $3,400. After reviewing the "financial abilities *and* liabilities of the parties," the commissioner suggested that both parties be responsible for their own attorneys' fees, but awarded Patricia Ewing $4,000, "for a portion of the attorneys' fees that she has paid *or will be required to pay ...*" Commissioner's Report at 11 (emphasis added).

Both parties filed exceptions to the commissioner's findings, and the matter was ruled on by the circuit court on January 12, 1994. That court ratified the recommendations of the commissioner subject to the modifications set forth in the Divorce Decree reflecting the court's rulings on the exceptions. In pertinent part, the court directed Robert Ewing to pay child support and while not immediately granting Patricia Ewing spousal support, reserved any rights she may have thereto. Further, the circuit court accepted the commissioner's recommendation and ordered the debtor to pay $3,400 in commissioner's fees, and $4,000 to Patricia Ewing for attorney's fees.

### CONCLUSIONS OF LAW

The party challenging the dischargeability of a debt in bankruptcy bears the burden of establishing that the award

was in the nature of alimony, support or maintenance and is therefore nondischargeable under 11 U.S.C. § 523(a)(5)(B). *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir.1986); Bankruptcy Rule 4005. The plaintiff must not only demonstrate that the obligation was intended to be in the nature of support and maintenance, but must do so by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Furthermore, federal law controls the issue of whether or not a debt is in the nature of "support" or "maintenance" and thereby nondischargeable under § 523(a)(5)(B). *Long v. West (In re Long)*, 794 F.2d 928, 930 (4th Cir.1986).

■ An award of attorneys' fees and court costs may be dischargeable under § 523(a)(5). *See, e.g., Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky)*, 897 F.2d 743, 744 (4th Cir.1990) (finding that a debt to a former spouse's attorney arising from a divorce decree was non dischargeable); *See also In re Zerbe*, 161 B.R. 939 (E.D.Va.1994). Courts have also excepted from discharge awards for fees due the commissioner in chancery for services rendered pursuant to a state court divorce proceeding. *See, e.g., Sposa v. Sposa (In re Sposa)*, 31 B.R. 307 (Bankr.E.D.Va.1983); *Foiles v. Foiles (In re Foiles)*, 1994 WL 282529, *aff'd sub nom. Foiles v. Taylor*, 174 B.R. 692 (E.D.Va.1994). Typically, the dischargeability status of attorneys' fees and court costs turns on whether the underlying debt relating to fees is dischargeable. *Bulman v. Bulman (In re Bulman)*, 123 B.R. 24, 27 (Bankr. E.D.Va.1991). The majority rule among Bankruptcy Courts is that an obligation to pay attorneys' fees is "so tied in with the obligation of support as to be in the nature of support or alimony and excepted from discharge." *Romano v. Romano (In the Matter of Romano)*, 27 B.R. 36, 38 (Bankr.M.D.Fla. 1983).

■ Since the issue at bar arises out of a clause in the divorce decree entered by a state court, this Court must look to the intent of the trier of fact with respect to those obligations. *Bangert v. McCauley (In re McCauley)*, 105 B.R. 315, 320 (E.D.Va.1989). *See also In re Long*, 794 F.2d at 931 (intent

of state court jury controls). *Cf. Melichar v. Ost (In re Melichar)*, 661 F.2d 300, 303 (4th Cir.1981), *cert. denied*, 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 442 (1982) (the proper test of whether the payments pursuant to a settlement agreement executed by the parties fall within § 523(a)(5) lies in whether the parties intended said payments to be in the nature of support.). The Court may look to a variety of factors to ascertain the intent of the circuit court judge including all pleadings, orders, transcripts, and the language of the divorce decree. *In re McCauley*, 105 B.R. at 319. Further, where the divorce court's final decree follows a commissioner's report, the intent of the commissioner may be probative as well. *In re Zerbe*, 161 B.R. at 941. In this case, the circuit court summarily accepted the commissioner's findings, and thus, we look to the commissioner's report as a primary source of intent.

■ We find that the divorce decree, commissioner's report, and underlying nature of the obligations indicate that the state court and commissioner in chancery intended for the commissioner's and attorneys' fee awards to be in the nature of support and maintenance of Patricia Ewing. The commissioner's fees and attorneys' fees ensued from the pending divorce litigation and were necessarily incurred in order that support awards might be decreed (or reserved for future modification). It is insignificant that the litigation addressed property awards as well. Case law clearly indicates that it is well within the province of the Bankruptcy Court to find a fee award to be in the nature of alimony, maintenance, or support even though the fee at issue was for services in the divorce litigation where both property and support were at issue. *In re Bulman*, 123 B.R. at 27.

However, the debtor argues since the commissioner and state court refused to award Patricia Ewing spousal support, the underlying debt did not involve obligations in the nature of support. The Court finds little merit in this argument. Under the debtor's proposed rule of law, attorney's fees would be nondischargeable for only those spouses who actually receive a spousal support award. The Eastern District of Virginia has

found that waiver of alimony in a divorce decree does not preclude the Bankruptcy Court from finding that the payment of fees and costs were intended to be a form of support. *In re Zerbe,* 161 B.R. at 941. If fees and costs may fall within § 523(a)(5) when alimony is waived, this Court may likewise find that fees and costs are a form of maintenance when spousal support is reserved. In this case, the commissioner and circuit court denied monthly spousal support awards to both parties, but reserved the issue for the benefit of Patricia Ewing. Denying a monthly award does not affect our holding, and we find that Patricia Ewing's right to modify the present award only supports our conclusion that the fee awards were in the nature of support and maintenance.

The debtor also suggests that the commissioner's language directing the debtor to "reimburse" the plaintiff for attorneys' fees was a clear indication that the true nature of the award was not for future support or maintenance, but a lump sum payment for prior obligations. The Court does not give the verb "reimburse" as much weight as the debtor and finds that by utilizing "reimburse," the commissioner was telling the debtor *where* to make the payment for attorneys' fees rather than justifying *why* the payment should be made.

Finally, counsel for the debtor suggests that because the parties have relatively similar incomes, the awards for fees and costs could not be for support or maintenance. We find that under these particular facts, the parity in income does not necessitate a finding that the awards were not in the nature of support or maintenance. The Court relies on the commissioner's consideration of not only the abilities, but the liabilities of the parties when awarding attorneys' fees and costs. In light of the fact that the award was based on the financial situation of the parties as a whole, we find that the provisions for attorneys' fees and costs were intended to assist in the maintenance and support of Patricia Ewing.

Accordingly, the Court finds that the debtor's obligations set forth in the Divorce Decree are obligations in the nature of alimony and support within the meaning of § 523(a)(5)(B), and are therefore, nondischargeable. It is therefore ORDERED, that debtor's obligation to Patricia Ewing of $7,561.00, representing $3,561.00 in commissioner's fees and court costs, plus $4,000.00 in attorney's fees, is hereby decreed a nondischargeable debt.