62 F.3d 1414
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re: Henry Lee FOILES, III, Debtor.
Helen W. TAYLOR, formerly known as Helen W. Foiles; David
H. Beck, Commissioner in Chancery, Plaintiffs-Appellees,
v.
Henry Lee FOILES, III, Defendant-Appellant,
and
United States Trustee, Party in Interest.
 No. 94-2582.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 10, 1995.
Decided: August 7, 1995.
 
 ARGUED: Ann Burke Brogan, MARCUS, SANTORO & KOZAK, Portsmouth, VA, for appellant. Steven Lawrence Brown, TOLERTON & BROWN, P.C., Norfolk, VA, for appellees. ON BRIEF: Jane B. Wrightson, MARCUS, SANTORO & KOZAK, Portsmouth, VA, for appellant.
 Before WILKINSON and LUTTIG, Circuit Judges, and SHEDD, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Henry Lee Foiles, III, appeals the district court's determination that an award by a Virginia divorce court of attorney's fees and costs was exempt from discharge in bankruptcy because it was in the nature of support to his former wife. We affirm.
 
 I.
 
 2
 The debts at issue in this case arose out of protracted divorce proceedings between Henry Foiles and Helen Taylor. The couple married in 1986, separated in 1988 and divorced in 1992. Foiles and Taylor reached a joint custody agreement regarding their son, who would reside primarily with Taylor. Spousal support, child support and the allocation of marital debts, however, remained unresolved at the time of the state divorce proceedings. The adjudication of these questions was referred to a commissioner in chancery ("commissioner"), Mr. David Beck. Beck's hearing on these matters extended over the course of three and one half days, longer than expected by the state court. As a result of the prolonged proceedings, both parties incurred substantial attorney's fees and a large fee owed to the commissioner.
 
 
 3
 The final divorce decree awarded child support to Taylor, who had primary custody of the couple's child, but it did not award spousal support to either party. The state court also accepted the recommendation of the commissioner that Foiles, in addition to paying his own attorney's fees, pay half of Taylor's attorney's fees, amounting to $5,500, and the fee owed to the commissioner, amounting to $4,000.
 
 
 4
 The nature of these debts became important once Foiles voluntarily filed for Chapter 7 bankruptcy on June 29, 1992, and sought to discharge the two debts. Taylor and the commissioner requested the bankruptcy court to declare that the obligations were exempt from discharge. The bankruptcy court initially ruled in favor of Foiles, but on a motion to reconsider its decision, held that the debts were in the nature of support to Taylor, and thus exempt from discharge under 11 U.S.C. Sec. 523(a)(5). The district court affirmed the bankruptcy court. Foiles appeals.
 
 II.
 
 5
 In a Chapter 7 bankruptcy proceeding, Foiles cannot discharge debts imposed upon him as a result of state divorce litigation if they are in the nature of support to his former wife. The Bankruptcy Act bars the discharge of obligations "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree" as long as the debt "is actually in the nature of alimony, maintenance, or support." 11 U.S.C. Sec. 523(a)(5).
 
 
 6
 The character of a debt arising out of marital dissolution is primarily a factual determination. In re Gionis, 170 B.R. 675, 681-82 (Bankr.9th Cir.1994); Matter of Long, 794 F.2d 928, 930-31 (4th Cir.1986); In re Williams, 703 F.2d 1055, 1057-58 (8th Cir.1983); In re Zerbe, 161 B.R. 939, 940 (E.D.Va.1994). Where attorney's fees are involved, the dispositive question is whether the court making the award intended it to be in the nature of support. Long, 794 F.2d at 931; Tilley v. Jessee, 789 F.2d 1074, 1078 n. 4 (4th Cir.1986); Zerbe, 161 B.R. at 941.
 
 
 7
 Foiles attempts to transform this typically factual question into a matter of law. He asserts that, though Taylor bore the burden of showing that the debts were nondischargeable under Sec. 523(a)(5), Grogan v. Garner, 498 U.S. 279, 287 (1991), the bankruptcy court impermiss ibly shifted the burden of proof to him. His argument is supported by a limited reading of one sentence of the bankruptcy court's opinion: "I conclude that the evidence does not establish that the divorce court intended to make an award of support." Based on this one sentence, Foiles maintains that Taylor did not meet her burden of proof, and thus the court's consideration of other factors essentially shifted the burden of proof to him.
 
 
 8
 We cannot agree. The single sentence in the bankruptcy court's opinion cannot be read in isolation. Taken in full context, the bankruptcy court undertook to weigh the circumstances surrounding the assignment of the attorney's fees and costs. The bankruptcy court explained that the state court decision, by itself, was ambiguous concerning the intent of the award. Considering, however, that Taylor had custody of the child and Foiles was obliged to provide child support, the bankruptcy court ultimately concluded that "the disputed awards are also in the nature of support; they must therefore be excepted from discharge under Sec. 523(a)(5)."
 
 
 9
 In holding that the debts were in the nature of support, the bankruptcy court did not commit clear error. First, Taylor retained primary custody of the couple's son, which surely strained her ability to pay for the costly hearing. Indeed, commissioner David Beck, who awarded the attorney's fees and costs in the first instance, testified that he made the award because Taylor needed financial assistance to cover the costs of the lengthy hearing, which was prolonged primarily due to Foiles' actions. Beck stated that he awarded the fees and costs because:
 
 
 10
 neither of these young people had what appeared to be adequate assets to fund the expense that had been generated if they had to dig into their own pockets; surely, Ms. Foiles did not.... Mr. Foiles seemed to have funds available. Ms. Foiles did not, she needed financial assistance. He[Mr. Foiles] seemed to have access to funds.
 
 
 11
 Second, child and spousal support issues dominated the divorce proceeding. Foiles was ordered to pay child support to Taylor and conflict over the level of this child support occupied a significant portion of the hearing. It was certainly within the discretion of the fact finder to consider that Taylor had primary custody of the couple's child, that child and spousal support questions were a primary focus of the protracted hearing, and that Taylor's ability to provide support was measurably strained by the obligations she incurred because of Foiles' dilatory conduct at the state proceeding. In this context, it was not clear error for the bankruptcy court to determine that the award of fees and costs was so integrally related to the issues contested at the hearing as to constitute support.
 
 
 12
 Foiles is simply wrong to suggest that the disputed debts could not, as a matter of law, constitute support. In fact, when made in connection with marital dissolution, such fee awards are often held to be in the nature of support. "Most courts have classified an award of attorney's fees in a divorce judgment as a nondischargeable debt in the category of alimony, maintenance, and support under Sec. 523(a)(5)." In re Silansky, 897 F.2d 743, 744 (4th Cir.1990). The Fifth Circuit observed that: "[An] attorney's fee award is deemed nondischargeable if the award itself reflects a balancing of the parties' financial needs." Matter of Joseph, 16 F.3d 86, 88 (5th Cir.1994); see also In re Spong, 661 F.2d 6 (2d Cir.1981). Such a balancing of needs was precisely the basis for the bankruptcy court's finding that the disputed awards were in the nature of support.
 
 
 13
 Given the evidence before it, the bankruptcy court's factual finding that the attorney's fees and costs constituted support, and thus were nondischargeable in bankruptcy, may not be overturned.
 
 The judgment is therefore
 
 14
 AFFIRMED.