In re Carl R. COLEMAN, a/k/a
C. Randolph Coleman, a/k/a
Randy Coleman, Debtor.

Bethany B. COLEMAN, Plaintiff,

v.

Carl R. COLEMAN, a/k/a C. Randolph
Coleman, a/k/a Randy Coleman,
Defendant.

Bankruptcy No. 91–6155–BKC–3P7.
Adv. No. 92–203.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 29, 1993.

See also 152 B.R. 783.

Paul A. Louis, Miami, FL, for plaintiff.

C. Randolph Coleman, defendant pro se.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court upon Motions for Summary Judgment filed by the plaintiff and the defendant. A hearing by telephone conference call was held on November 11, 1992. At that time the defendant conceded that his obligation to pay child support is non-dischargeable. The parties agree there are no genuine issues of material fact and that this proceeding may be determined on the filed papers. The Court enters the following Findings of Fact and Conclusions of Law:

#### Findings of Fact

The parties were married on May 27, 1983. One child was born as a result of the marriage, Carole Jacqueline, on October 4, 1985.

After a six-day trial, a Final Judgment of divorce was entered on July 9, 1990. Defendant appealed the judgment, challenging the state court's award of attorney's fees, equitable distribution of marital assets, and award of child support. On November 14, 1991, the Third District Court of Appeal of Florida affirmed the circuit court decision.

The judgment covered six categories, including Child Support, Alimony, Equitable Distribution, and Attorney's Fees.

The Child Support section ordered defendant to pay plaintiff $1,200.00 a month for

the support of the child. The payments were to be made through the Clerk of the Court. Defendant is in arrears on such payments and currently has a petition for modification of child support pending in the state court.

The Alimony section makes the following provisions:

IV. *Alimony*

The wife is seeking an award of rehabilitative alimony. The parties were married in May, 1983, and the wife worked full time until March 1988. She is an intelligent, attractive and healthy young woman with insurance licenses and employment experience. She is one of the few women members of the Orange Bowl Committee and is an active participant in many community organizations and activities. The wife has indicated she has no desire to resume any employment, but prefers to remain home as a full time mother.

The wife has the education, intellect, experience and ability to work competitively in the market place. The purpose of rehabilitative alimony is just that, to rehabilitate. As such, it is not warranted by the facts of this case, and accordingly, the husband shall not be required to pay any alimony to the wife.

The Equitable Distribution section covered a variety of assets, but provided in relevant part:

V. *Equitable Distribution*

This is a marriage of short duration. It is the intent of the Court to distribute the marital assets of the parties in as equal a manner as possible.

\*   \*   \*   \*   \*   \*

C. *Certificate of Deposit*

This Certificate of Deposit is the wife's premarital asset which she pledged as collateral for the husband's loan at Sun Bank. The Certificate of Deposit is awarded to the wife, and the husband is ordered to obtain the release of said CD as collateral within 90 days from the date hereof, so that the wife may have the same free and clear for her own unrestricted use.

\*   \*   \*   \*   \*   \*

E. *Child's Custodial Account*

The wife's grandmother gave $10,-000.00 per year for the minor child of the parties. The parties took a portion of those gifts, and established a custodial account for the daughter, which is in the husband's name. The husband shall, within 30 days from the date of this judgment, account for said funds to the wife, and put the funds in the name of the wife in trust for the minor child.

The defendant initiated a case under chapter 7 on November 22, 1991, just eight days after the Final Judgment was affirmed.

The remaining issues involve the dischargeability of the obligations created in the Certificate of Deposit and the Child's Custodial Account sections of the Final Judgment.

*Conclusions of Law*

This adversary proceeding comes before the Court on competing motions for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable by Federal Rule of Bankruptcy Procedure 7056, mandates that summary judgment shall only be entered if the pleadings, depositions, and other evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Both the plaintiff and the defendant contend that no genuine issue of material fact exists. The Court concurs and finds that this adversary proceeding is ripe for resolution based on the pending summary judgment motions.

The dischargeability of obligations arising in the context of divorce is governed by § 523(a)(5), which provides:

(a) A discharge ... does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or

child, in connection with a separation agreement, divorce decree ... or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support. . . .

■ The determination of whether an award is the nature of support is controlled by federal bankruptcy law rather than state law. The bankruptcy court must make an independent evaluation as to whether an obligation arising from a divorce decree is in the nature of alimony and, therefore, non-dischargeable. *In re Harrell*, 754 F.2d 902 (11th Cir.1985).

■ As the party challenging the dischargeability of the various debts, the plaintiff has the burden of proving that awards were intended to be in the nature of alimony, support, or maintenance. *In re Long*, 794 F.2d 928, 930 (4th Cir.1986).

■ This Court finds that each of the obligations at issue in the adversary proceeding were intended as a return of property and were not intended to be in the nature of support. Both the awards were made under the heading of Equitable Distribution. Although the label assigned by the state court is not dispositive, it is indicative of that court's intent.

■ As to the Certificate of Deposit, it was clearly a premarital asset of plaintiff. The state court stated that it was distributing the assets as equally as possible. The return of this asset to its pre-marriage owner was an equitable act and was not intended to provide support for plaintiff.

■ The custodial account is similarly postured. It was established with a cash gift from plaintiff's grandmother for the benefit of the child. The state court sought to return the funds to the plaintiff. The award was more in the nature of a property division than alimony.

Additionally, the state court specifically considered the respective positions of the parties, including education, health, and employability. Based on such considerations, the court found that the defendant would not be required to pay any alimony. Implicit in such a holding is the conclusion that plaintiff did not have a need for support; therefore, the awards made in the other sections of the judgment were not intended as support.

■ Defendant concedes that the debt for child support is excepted from discharge under § 523(a)(5). However, defendant has pending before the state court a petition for modification of child support. Given the Eleventh Circuit's recent instruction concerning involvement by bankruptcy courts in domestic matters, *see Carver v. Carver*, 954 F.2d 1573 (11th Cir.1992), this Court leaves for the state court the determination of the exact amount of child support arrearage due from defendant to plaintiff.

Summary judgment will be entered in accordance with these Findings of Facts and Conclusions of Law.

### SUMMARY JUDGMENT

Upon the Findings of Facts and Conclusions of Law separately entered, it is

ORDERED:

1. Plaintiff's Motion for Summary Judgment is granted in part and denied in part.

2. Defendant's Motion for Summary Judgment is granted in part and denied in part.

3. Pursuant to § 523(a)(5), defendant's obligation to pay child support set forth in section III of the Final Judgment entered July 9, 1990, in the Circuit Court, Eleventh Judicial Circuit, in and for Dade County, Florida, is excepted from defendant's discharge. The precise amount of the arrearage is left for determination by the state court.

3. The obligations of defendant created in sections V(C) and V(E) of the Final Judgment entered July 9, 1990, in the Circuit Court, Eleventh Judicial Circuit, in and for

Dade County, Florida, are not intended as support and are dischargeable.