**In re Jack Sidney JAMES, Debtor.**

**Stephen L. MEININGER, Trustee, Plaintiff,**

v.

**Jack Sidney JAMES; Carol N. James; Todd E. James; Patrick Martin; Jacquelyn Sidney Martin; Advent Investment Corporation; Douglas Liquidation Company, Inc.; James Leasing Co., Inc., and M. David Burns, Trustee for the Evergreen Trust, Defendants.**

**Bankruptcy No. 90–3326–9P7.
Adv. No. 91–260.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

July 2, 1993.

Mark J. Wolfson, Tampa, FL, Luigi P. DeMaio, New York City, for plaintiff.

Stephen L. Meininger, Tampa, FL, trustee.

Randolph A. Fabal, Tampa, FL, for trustee.

Arthur J. Bronson, Buffalo, NY, for defendant M. David Burns, trustee for Evergreen Trust.

Michael S. Britton, Dallas, TX, for defendants Advent Investment Corp., James Leasing Co., Inc., Todd E. James, Patrick Martin, Jacquelyn Sidney Martin, Ultra–Vac Metallizing Corp., and Carl Roberts, trustee for James/Martin Family Trust.

Jack L. Coke, Jr., Dallas, TX, for defendant Douglas Liquidation Co., Inc.

D. Michael Lins, Tampa, FL, for defendant Carol N. James.

Robert Soriano, Tampa, FL, for debtor.

Richard C. Prosser, Tampa, FL, for defendants Ultra–Vac Metallizing Corp. and Carl Roberts, trustee for the James/Martin Family Trust.

## ORDER ON MOTION TRUSTEE FOR PARTIAL SUMMARY JUDGMENT AGAINST M. DAVID BURNS, TRUSTEE FOR THE EVERGREEN TRUST AND JAMES LEASING CO., INC.

ALEXANDER L. PASKAY, Chief Judge.

This is a converted Chapter 7 liquidation case and the matter under consideration is a fourteen-count Amended Complaint filed by Stephen L. Meininger, Trustee (Trustee) against the Debtor, several members of his family, and various entities in which the Debtor or members of the Debtor's family have interests according to the Trustee. In his Complaint, the Trustee seeks declaratory relief, injunctive relief, turnover of property of the estate and avoidance of certain transfers claimed to be a fraudulent conveyance.

The matter currently before the Court is a Motion for Partial Summary Judgment addressed only to one of the fourteen claims set forth in this Complaint, specifically the claim set forth in Count IV of the Complaint. In this Count the Plaintiff alleges that the Debtor still retains a beneficial, legal or equitable interest in certain properties held by the Evergreen Trust, ostensibly for the benefit of his children and, therefore, the corpus of the Trust is property of the estate of the Debtor and subject to administration by the Trustee. The trustee named in trust documents is M. David Burns (Burns) a practicing attorney in Texas. The Trustee further contends that the Trust is controlled by the Debtor, and as such is, in fact, property of the estate. The Trustee, in his Motion, contends that there are no material issues of fact, and that he is entitled to Summary Judgment in his favor as a matter of law. In opposition, Burns argues that issues of material fact remain in dispute, and therefore, that summary judgment is inappropriate.

The Motion for Summary Judgment is controlled by Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56 in toto. Thus, Burns must show that there are genuine issues of material fact which would prevent the disposition of this issue in favor of the Trustee as a matter of law. Alternatively, if Burns can show that "reasonable minds might differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir.1985). Although facially

it appears that the issues related to this controversy may be resolved as a matter of law, upon further inquiry it is clear that this litigation is extremely fact intensive and too complex to be resolved by summary judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that a pre-trial conference on all Counts of the Complaint shall be scheduled for July 15, 1993 at 10:00 am in Courtroom A, 4921 Memorial Highway, Tampa, Florida 33634.

DONE AND ORDERED.