**In re Craig Arthur RATCLIFF, Debtor.**

**JAMES C. BOOTH, INC., Plaintiff,**

**v.**

**Craig Arthur RATCLIFF, Defendant.**

**Bankruptcy No. SA 95–19476 JW.
Adv. No. SA 95–02248 JW.**

United States Bankruptcy Court,
C.D. California.

May 14, 1996.

James C. Booth, Inc., Law Offices of James C. Booth, Inc., Orange, California, in pro. per.

Gary C. Wykidal, Gary C. Wykidal & Associates, Costa Mesa, California, for Debtor/Defendant.

## MEMORANDUM OF DECISION

JOHN J. WILSON, Bankruptcy Judge.

Plaintiff James C. Booth ("Booth") filed a motion for summary judgment, requesting that the Court find, as a matter of law, that a state court award of attorneys' fees be deemed nondischargeable under Section 523(a)(5) of the Bankruptcy Code. Debtor and Defendant Craig Arthur Ratcliff ("Ratcliff") opposed the motion on the ground that the attorneys' fees incurred were not in the nature of child support, and are therefore dischargeable by Ratcliff. The issue before the Court is whether attorneys' fees incurred during a child custody proceeding are in the nature of child support, and thus nondischargeable under 11 U.S.C. § 523(a)(5).

## I.  Statement of Facts

After the dissolution of his marriage to Linda Albano ("Albano"), Ratcliff filed an Order to Show Cause in the Orange County Superior Court in 1987, seeking to gain full custody of their minor daughter, Morgan Ratcliff. In a subsequent custody proceeding in 1993, Albano sought to modify the custody order that issued in the 1987 proceedings. Booth represented Albano, the mother of Morgan in the custody proceedings that precipitated the attorneys' fees now at issue.

In various proceedings to secure and enforce Ratcliff's child support obligation, the state court entered several orders against Ratcliff to pay Albano's attorneys' fees to Booth in the amount of $21,000.00.

In the initial order establishing child support, the state court found that Ratcliff had monthly earnings of $6,000.00, while Albano had only $650.00 per month in earning capacity. The state court ordered Ratcliff to pay Booth's fees so that Albano would have access to legal representation to secure, enforce, and collect child support from Ratcliff for the benefit of their child.

Within one year of the state court's orders for attorneys' fees, Ratcliff filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

Ratcliff has failed to pay any of the legal fees due and owing under the state court orders. Booth then filed a Complaint to Determine Nondischargeability of Debt pursuant to Bankruptcy Code Section 523(a)(5), on the ground that the fees were, in effect, an award of child support to Albano.

## II.  Discussion

The issue in this case is whether the attorneys' fees incurred during the child custody hearing were in the nature of child support. Because the Court finds that a child custody proceeding is always in the nature of child support, any award of attorneys' fees against the debtor becomes a nondischargeable debt pursuant to Section 523(a)(5). As there are no triable issues of fact to be decided, the Court finds that Booth is entitled to judgment as a matter of law.

### A. The Award of Attorneys' Fees Payable Directly to Booth Is Nondischargeable as Support and Maintenance Pursuant to Section 523(a)(5).

■ Section 523(a)(5) provides that a bankruptcy discharge does not discharge a debtor from any debt:

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record ... or property settlement agreement, but not to the extent that—

(A) such a debt is assigned to another entity, voluntarily, by operation of law, or otherwise ...; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

Thus, if this Court considers Ratcliff's court-ordered obligation to pay Booth's fees to be child support, this debt is nondischargeable under Section 523(a)(5).

Ninth Circuit law is fairly settled on most issues relating to the dischargeability of spousal and child support. Ordinarily, any debt for attorneys' fees incurred during a spousal or child support proceeding is nondischargeable pursuant to Section 523(a)(5). This case is unique in that the proceeding at issue was a post-divorce child-custody hearing, and not designated as a support hearing.

While the Ninth Circuit has not directly considered this issue, this Court finds the reasoning in the Fifth Circuit case of *In re Dvorak* to be persuasive. *In re Dvorak*, 986 F.2d 940 (5th Cir.1993). In *Dvorak*, the Fifth Circuit held that a debtor's obligations to pay attorneys' fees incurred by her daughter's guardian ad litem and by an attorney for her daughter's father in a state court custody litigation were nondischargeable as support. The court found that the post-divorce child-custody hearing "was clearly for [the child's] benefit and support, as the purpose of the hearing was to determine who could provide the best home for her." *Id.* at 941.

Similarly, in this case, the purpose of the custody proceeding, in which Booth's fees were incurred, was to determine who could provide the best home for Morgan Ratcliff. Thus, the attorneys' fees incurred for this custody hearing were in the nature of child support and are nondischargeable pursuant to Section 523(a)(5).

### III. CONCLUSION

The fees charged by Booth were incurred during a court hearing that was for the benefit and support of Morgan Ratcliff. Because the state court ordered the fees to be paid by Ratcliff, this obligation constitutes a nondischargeable debt under Section 523(a)(5).

This memorandum of decision contains this Court's findings of fact and conclusions of law. Booth, in pro per, shall lodge and serve a proposed order consistent with this memorandum of decision.