**In the Matter of Harold Anthony LANTING, Debtor.**

**Dawn Lee LANTING, Plaintiff,**

v.

**Harold Anthony LANTING, Defendant.**

**Bankruptcy No. 95–83186.**
**Adv. No. 96–80007.**

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Aug. 2, 1996.

Mark R. Hunter, Huntsville, AL, for Plaintiff/Debtor.

Jackie D. Ferguson, Huntsville, AL, for Defendant.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on the complaint of Dawn Lee Lanting (hereinafter the "plaintiff"), seeking a determination that an obligation to pay attorneys' fees incurred by the debtor/defendant, Harold Anthony Lanting (hereinafter the "debtor"), pursuant to the parties divorce decree is nondischarge-

able pursuant to 11 U.S.C. § 523(a)(5) of the United States Bankruptcy Code (the "Bankruptcy Code"), and on the parties' respective Motions for Summary Judgment. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), and 157(b)(1).

In her motion for summary judgment, the plaintiff asserts that the award of attorneys' fees was in the nature of alimony, maintenance or support according to the terms of the parties' divorce decree, and thus nondischargeable under Section 523(a)(5) of the Bankruptcy Code. (AP Doc. 5). The debtor responded that the award of attorneys' fees was in the nature of property settlement because the plaintiff's income exceeded the debtor's income at the time of the award, and thus is dischargeable because plaintiff has not sought relief under Section 523(a)(15). (AP Doc. 17).

The Court has reviewed the record and the documents submitted by the parties, and finds that no genuine issues of material fact exist in this adversary proceeding. Judgment for the plaintiff will be entered in conformity with the analysis set forth in this Memorandum Opinion.[1]

## I. FINDINGS OF FACT

On February 15, 1995, the debtor and his former wife, Dawn Lee Lanting, were divorced pursuant to a Final Decree of Divorce entered by the Circuit Court of Limestone County, Alabama. The final decree established custody of the parties' minor children, effectuated the division of marital assets, and awarded child support and attorneys' fees to the plaintiff.

On November 17, 1995, the debtor filed a petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code. The debtor listed the plaintiff as a general unsecured creditor in Schedule F of his petition, in the amount of $2,026.00, and designated the claim as attorneys' fees. The divorce decree contained the following with regard to attorneys' fees:

---

1. The following Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

14. ORDERED, ADJUDGED and DE-CREED that the Plaintiff Husband (debtor) shall pay to the Defendant Wife (plaintiff), as alimony and for her support and maintenance, the sum of Two Thousand Dollars ($2,000.00) which the Court finds to be the reasonable value of the services rendered to the Wife for her attorney Bill G. Hall.

(AP Doc. 17, Ex. C).

In addition to awarding attorneys' fees to the plaintiff, the state court awarded custody of the parties' minor children to the plaintiff, ordered the debtor to pay child support in the amount of $434.35 per month, and ordered the debtor to pay one-half of all medical expenses of the couple's children not covered by insurance. As part of the divorce decree, the state court also entered a Continuing Child Support Withholding Order.

Neither party obtained an award of spousal support in the divorce decree. However, the divorce litigation did result in the division of the parties' martial assets and debts. The plaintiff was divested of her interest in the marital residence while the debtor was required to pay all but two specified department store debts incurred by the plaintiff. Each party retained their respective automobiles. The plaintiff also received certain household furniture and all personal possessions.

At the time of the divorce, the debtor was employed by Bowden Industries earning approximately $1,846.16 per month. (Debtor's Affidavit, AP Doc. 17, Ex. A). The plaintiff earned $3,081.00 per month working for Chrysler Corporation in Toledo, Ohio. (Debtor's Affidavit, AP Doc. 17, Ex. B).

The plaintiff filed the present complaint on the 11th day of January, 1996, and moved for summary judgment on March 28 of the same year. The Court initially denied the plaintiff's motion for summary judgment, but reopened the issue by court order dated June 18, 1996. Upon reopening the issue, the debtor also filed a motion for summary judgment.

## II. CONCLUSIONS OF LAW

**A. Summary judgment will lie where the movant establishes entitlement to judgment as a matter of law given undisputed facts contained in pleadings, admissions and affidavits of the parties.**

Pursuant to Federal Rule of Civil Procedure 56(c) and Federal Rule of Bankruptcy Procedure 7056, summary judgment is appropriate where there is no genuine issue of material fact when viewing the evidence most favorable to the opposing party and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party bears the burden of "establishing the absence of a genuine issue as to any material fact." *Friedman v. Silberfein (In re Silberfein),* 138 B.R. 778 (Bankr.S.D.N.Y 1992); *In re Amarlite Architectural Prods., Inc.,* 178 B.R. 904 (Bankr.N.D.Ga.1995). Once the movant makes a prima facie showing of entitlement to summary judgment as a matter of law, the nonmovant must demonstrate that genuine issues of material fact exist to preclude summary judgment or that reasonable minds might differ on inferences arising from the undisputed facts. *In re James,* 156 B.R. 334 (Bankr.M.D.Fla.1993). Where both parties seek summary judgment, the Court must consider each motion independently and apply the applicable standards to each motion to determine whether summary judgment is appropriate under either motion. *In re Envirodyne Indus., Inc.,* 176 B.R. 825 (Bankr. N.D.Ill.1995).

Whether an award of attorneys' fees in a final decree of divorce "actually is in the nature of support is a factual question." *In re Robinson,* 193 B.R. 367, 373 (Bankr. N.D.Ga.1996). However, summary judgment will not be denied simply because the Court is required to make certain factual determinations by drawing inferences from the underlying facts. The court in *In re Robinson,* dismissed the payor spouse's argument that summary judgment was inappropriate because the court was required to make a factual determination regarding the dischargeability of attorneys' fees, and explained as follows:

[T]he Debtor has argued that, due simply to the inherent presence of such a factual question as a part of its analysis, the Court should not grant summary judgment in this case. (Resp.Pl.Mot.Summ.J. at 4–5). In fashioning this argument, however, the Debtor appears to misconstrue the mandate of Rule 56. *See* Fed.R.Civ.P. 56 (applicable in bankruptcy pursuant to Fed. R.Bankr.P. 7056). Only those material facts which remain the subject of a 'genuine dispute' may preclude summary judgment. *Augusta Iron and Steel Works v. Employers Ins. of Wausau,* 835 F.2d 855, 856 (11th Cir.1988). Furthermore, a factual dispute only qualifies as 'genuine' for the purposes of Rule 56 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 594 (11th Cir.1995) (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). In short, the summary judgment process does not require the Court to determine whether certain factual determinations will be necessary as part of the litigation. Rather, the Rules require the Court to find whether the obvious one-sidedness of such an impending determination makes the movant entitled to judgment as a matter of law. *Id.* The Debtor's apparent assertions to the contrary find no merit in the text of Rule 56. *See* Fed.R.Civ.P. 56 (applicable in bankruptcy pursuant to Fed. R.Bankr.P. 7056).

*Id.* at 373.

■ In the present case the facts are undisputed. The Court must simply make the factual determination of "whether under the circumstances the award of attorney's fees at issue bears the trappings of a support or maintenance obligation" by drawing inferences from the undisputed facts presented in the pleadings before the Court. *Id.* "Where

the judge is also the ultimate trier of fact, and where a trial would not enhance the court's ability to draw inferences and conclusions from undisputed facts, then the court is free to draw such inferences and conclusions within the context of a motion for summary judgment." *In re Communications Management & Info., Inc.,* 172 B.R. 136 (Bankr. N.D.Ga.1994) (citing *Nunez v. Superior Oil Co.,* 572 F.2d 1119 (5th Cir.1978)). Accordingly, the Court believes that summary judgment is appropriate in the present case.

**B. An award of attorneys' fees in a final decree of divorce is nondischargeable as alimony, maintenance, or support under 11 U.S.C. § 523(a)(5) where the decree contains an award of child support, alimony, or a combination thereof.**

■ Section 523(a)(5) provides that a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt owed "to a spouse, former spouse, or child of the debtor" which must be characterized as "actually in the nature of alimony, maintenance, or support." 11 U.S.C. § 523(a)(5).[2] Courts addressing this issue consistently hold that such an award is nondischargeable as alimony, maintenance or support under Section 523(a)(5). *See In re Robinson,* 193 B.R. 367, 372 (Bankr.N.D.Ga.1996) (citing list of cases holding that attorneys' fees are nondischargeable under Section 523(a)(5)). The Court adopts the majority view and finds that an award of attorneys' fees in a final decree of divorce is nondischargeable as alimony, maintenance, or support under 11 U.S.C. § 523(a)(5) where the decree contains an award of child support, alimony, or a combination thereof.

■ The state court's intent to "provide support should form the object of any

---

2. Section 523(a)(5) of the Bankruptcy Code provides in pertinent part as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) *to a spouse, former spouse, or child of the debtor,* for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or

other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as *alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support*[.]

822

inquiry under section 523(a)(5)." *In re Robinson*, 193 B.R. at 373. The court in *In re Robinson* set out a two-fold test for determining whether attorneys' fees are nondischargeable "balancing both the apparent function of the award and the nature of the litigation." *Id.* at 374. Determining the apparent function of the award requires an analysis of the "relative financial positions of the two former spouses at the time of the award and particularly, whether it looks as though the state court took any such imbalance into consideration." *Id.*

■■■■ In the present case, the debtor first asserts that the award was not in the nature of support because the plaintiff's income exceeded the debtor's income at the time of the award, and because the debtor was ordered to pay child support to the plaintiff. Although the presence of this financial disparity weighs against a finding of support, a "court may determine that attorney fees and costs are nondischargeable even when there is no award of spousal support." *Taylor v. Foiles (In re Foiles)*, 176 B.R. 420, 422 (Bankr.E.D.Va.1994). Indeed, the financial disparity of the parties is only one factor to which the Court can look to determine the intent of the state court.

■■■■ The Court can also consider the language of the decree itself to determine the state court's intent. *Id.* The determination of whether a debtor's obligation to the payee spouse should be excepted from discharge under Section 523(a)(5) for alimony, maintenance or support is a question of federal bankruptcy law, not state law. *In re Garrard*, 151 B.R. 598 (Bankr.M.D.Fla.1993). Accordingly, a bankruptcy court is not limited to a review of the final divorce decree or record in the underlying state court divorce litigation when determining the dischargeability of a debt. Although the label assigned by the state court is not dispositive in determining whether the debtor's obligation to pay attorneys' fees is nondischargeable as being in the nature of alimony, maintenance, or support, the label is nevertheless indicative of the state court's intent. *In re Coleman*, 152 B.R. 779 (Bankr.M.D.Fla.1993). The provision for attorneys' fees in the pres-

ent case specifically indicates that the award was for support and maintenance.

Alternatively, the debtor argues that "the only conceivable function of the award was to balance the relative inequities of the property settlement" by awarding the plaintiff $2,000.00 for attorneys' fees. (Debtor's Mot. Summ.J., AP Doc. 17). This argument ignores the economic reality of the property settlement provisions contained in the divorce decree. It is true that the debtor obtained the marital residence and all equity in the residence. The Court does not believe, however, that the state court intended to balance the property settlement by awarding $2,000.00 to the plaintiff where the equity received by the debtor was off-set by the debtor's obligation to pay essentially all of the marital debt. Instead, the Court finds that the state court intended to award attorneys' fees to the plaintiff for her support and maintenance as indicated by the language in the divorce decree.

■■■ The second factor to consider is the nature of the litigation that gave rise to the award of attorneys' fees. A majority of courts have consistently held that attorneys' fees incurred during divorce litigation involving issues of child support or alimony must be characterized as being "in the nature of alimony, maintenance, and support," and thus nondischargeable in bankruptcy under Section 523(a)(5). The court in *Booth v. Ratcliff (In re Ratcliff)*, 195 B.R. 466, 467 (Bankr.C.D.Cal.1996), determined that "a child custody proceeding is always in the nature of child support, [and that] any award of attorneys' fees against the debtor becomes a nondischargeable debt pursuant to Section 523(a)(5)." The court also noted that "[o]rdinarily, any debt for attorneys' fees incurred during a spousal or child support proceeding is nondischargeable pursuant to Section 523(a)(5)." *Id.* The court adopts this view and finds that an award of attorneys' fees is nondischargeable as alimony, maintenance, or support under 11 U.S.C. § 523(a)(5) where the decree contains an award of child support, alimony, or a combination thereof. In the present case, the final decree contained numerous provisions regarding the custody of the couple's minor children. Although an

award of alimony was not granted as a result of the divorce litigation, the Court finds that the award of attorneys' fees was sufficiently related to the child support award.

In summary, the Court finds that the disputed award of attorneys' fees is due to be excepted from discharge under Section 523(a)(5) as being in the nature of alimony, support, or maintenance wherein:

1. The function of the award was to provide support to the plaintiff. The language of the final decree weighs heavily in support of this finding, despite the uncontroverted evidence that the plaintiff's income exceeded the debtor's income at the time of the divorce.

2. The nature of the divorce litigation involved the custody of the couple's minor children which is always in the nature of support.

An Order in accordance with this opinion will be entered.