In re John T. MADER and Patricia Kay Mader, Debtors.

Theodore A. Nelson, Plaintiff,

v.

John T. Mader, Defendant.

Bankruptcy No. 98–7368–8P7.
Adversary No. 98–357.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 16, 1998.

Herbert Fiss, Tampa, FL, for plaintiff.

Paul Riffel, Tampa, FL, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER presented for this Court's consideration in this Chapter 7 liquidation case is a claim of nondischargeability asserted by Theodore A. Nelson (Mr. Nelson) who filed a Complaint against John T. Mader (Debtor). Unlike the usual dischargeability litigation which involves marital obligations sought to be excepted from the discharge under Section 523(a)(5), in the present instance, the claim is asserted not by the ex-spouse but by the father of the ex-spouse, Mr. Nelson. The amount in controversy is the Debtor's obligation to Mr. Nelson as evidenced by a promissory note executed on October 1, 1996 in the original principal amount of $15,000 (Promissory Note). There is currently an outstanding balance of approximately $12,000.

The facts relevant to the resolution of the dischargeability of the debt evidenced by the promissory note as established at the final evidentiary hearing are as follows:

The Debtor was married to Katherine Ann Mader (Ms. Mader) in excess of twenty years when the Debtor filed a Petition for Dissolution of Marriage. There were three children from the marriage, ages 16, 14 and 11. Prior to the actual entry of the Final Decree of Dissolution of Marriage (Final Judgment), the Debtor was paying approximately $4,000 per month for Ms. Mader and the children to live in the former marital home, even though the Debtor did not have the ability to make such payments. He met the shortfall by relying on funds obtained by the use of credit cards. It appears that there are balances outstanding on these same credit cards which are involved in this Chapter 7 case, and from which obligations the Debtor seeks to obtain a discharge.

During the marriage, the parties jointly owned property located at Hunter's Green, an upscale residential development in North Tampa. It was hoped for and agreed upon that the marital home would be sold and the net equity realized from the sale would be

divided between the parties. It appears, however, that the property was still on the market at the time of the entry of the Final Judgment. In order to facilitate the sale of the house, the parties came to an agreement that Ms. Mader would quit claim her interest in the property to the Debtor who in turn would pay $20,000 for her share as equitable distribution from the property.

Ordinarily, had the Debtor been able to meet this obligation at that time, the agreement would have been a straight forward settlement of the division of property between the parties. However, since the Debtor did not have the ability to pay this lump sum, it was agreed that he would borrow the $20,000 from Mr. Nelson, the Plaintiff, and the Debtor in turn would make those funds available immediately to Ms. Mader. In exchange for the Promissory Note, Ms. Mader executed a quit claim deed conveying her right, title and interest in the marital home to the Debtor. The Final Judgment dissolving the marriage was entered on July 13, 1994 and provided, inter alia, in Paragraph 2.2 that in exchange for Mrs. Mader's interest in the marital property and as part of the equitable distribution, the Debtor is directed to pay Ms. Mader the sum of $20,000. The decree further provides, however, that the money will be paid from the funds lent by Ms. Mader's father to the Debtor at three percent interest for four years and that upon receipt of the $20,000 the Debtor will pay the monies received to Ms. Mader. It is further recited in the Final Judgment that the parties agreed that the obligation represented by the Promissory Note is intended to be in the nature of support for the wife and is necessary to maintain the wife's standard of living intended by the parties for the wife. It further provided that if the note is not executed the needs of the wife would have required larger support payments found elsewhere in the agreement. The Final Judgment, in fact, had a provision for child support and required the Debtor to pay $584.91 per child per month for a total of $1,754.73. In addition, it also required the Debtor to pay alimony to Ms. Mader in the amount of $1,187.00 per month until the wife remarries or dies. The marital home was ultimately sold by the Debtor. The net profit was approximately $26,000.00, although after paying capital gains tax the Debtor actually received no distribution from the sale of the property. It appears that Ms. Mader did not pay any income tax on the $20,000 paid by the Debtor which the Debtor obtained from the loan from Ms. Mader's father.

These are basically the relevant facts based on which it is contended by the Plaintiff that the obligation represented by the promissory note executed by the Debtor (Exhibit 17) represents an obligation which is within the exception to discharge of Sec. 523(a)(5) which in relevant part provides as follows:

"(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement . . ."

Even a cursory reading of this Section highlights the obvious difficulty with the claim of nondischargeability under consideration. Unlike in the ordinary case where a claim is asserted by an ex-spouse, this claim is asserted by the father of an ex-spouse. It is clear that the Debtor has no obligation to pay alimony, maintenance or support to the ex-wife's father. Ordinarily, this would resolve the question and the obligation represented by the amended Promissory Note (Exhibit 17) would be nothing but a loan by a non-debtor to a debtor which clearly would not be an obligation within the exception set forth in Section 523(a)(5).

It cannot be argued with any force or persuasion that had the Debtor borrowed the $20,000 from a lender such as a bank or credit union and gave the proceeds to the wife to facilitate her move back to Illinois, the lender would not have any standing to assert a claim that the funds created a liability of the Debtor which would be nondis-

chargeable pursuant to Section 523(a)(5). The Plaintiff relies on the language in the Final Judgment which recites that the husband's obligation under the Promissory Note was intended by the parties to be in the nature of support for the wife. The divorce decree has a specific provision for alimony and a provision for child support. To overcome this fact, the Plaintiff relies on the last sentence, which provides that absent execution of the promissory note the needs of the wife would require a larger support provided by the agreement.

The issue of whether a particular debt is "alimony, maintenance or support" or a "property settlement" is a question of federal law and not state law. *In re Tatge,* 212 B.R. 604 (8th Cir. BAP 1997); *In re Williams,* 703 F.2d 1055 (8th Cir.1983). A court considering the nature of the award, in addition to considering the intent of the parties, must also consider the function of the award. Additional factors are the methods of enforcing the award, such as by contempt, execution and levy; the ability of the divorce court to change the award based on changed circumstances; whether the judgment dissolving the marriage specifically provides for alimony and/or child support; whether the obligation imposed on the spouse survives remarriage or death of either of the spouses; and whether the award is in the form of a lump sum award or payable in installments.

The obligation in the present instance is clearly not alimony, maintenance or support in an orthodox sense as these terms are commonly understood simply because the award it is not payable to the Debtor's ex-spouse but to the father of the ex-spouse. The exception to the discharge provided for by Section 523(a)(5) deals with debts to a spouse and not to third parties. This Court is not unmindful that attorneys fees awarded to a spouse's attorney which are made payable directly to the attorney may to be in the nature of alimony, maintenance or support. *See e.g., In re Finlayson,* 217 B.R. 666 (Bankr.S.D.Fla.1998); *Matter of Robinson,* 193 B.R. 367 (Bankr.N.D.Ga.1996); *Matter of Lanting,* 198 B.R. 817 (Bankr.N.D.Ala.1996); *In re Coleman,* 152 B.R. 783 (Bankr.M.D.Fla. 1993). These cases view attorney's fees as services rendered for assisting a spouse to obtain a divorce.

In the present instance, the monies lent by the Plaintiff were not monies to assist the Debtor's ex-spouse to obtain a divorce but to assist the Debtor to pay for the ex-wife's equitable interest in the former marital home which she quit-claimed in exchange for the Promissory Note pursuant to the parties' marital settlement. After all, if in lieu of signing the Promissory Note for the loan the Debtor obtained from Mr. Nelson, the Debtor borrowed the money to pay for the ex-spouse's equity in the marital home from an institutional lender, such as a bank or a credit union, no one could argue that the lender has standing to assert a claim based on Section 523(a)(5). Moreover, the obligation represented by the Promissory Note had all the hallmarks of a property settlement and not alimony, maintenance or support. It is a lump sum obligation, albeit payable in installments; it is enforceable only by suing on the Promissory Note and not by contempt; it cannot be altered or modified by the divorce court; and the obligation survives death or remarriage. Most importantly, this Court is satisfied that the execution of the Promissory Note was in payment for the transfer by the Debtor's ex-spouse of her interest in the marital home to the Debtor.

Based on the foregoing, this Court is satisfied that the Plaintiff failed to establish with the requisite degree of proof that the obligation represented by the amended Promissory Note is within the exception of Section 523(a)(5).

A separate final judgment shall be entered in accordance with the foregoing.