**In re Terry Lee WINGATE, Debtor.**

**Syngenta Seeds, Inc., Plaintiff,**

**v.**

**Terry Lee Wingate, Defendant.**

**Bankruptcy No. 04–06469–PMG.**

**Adversary No. 04–311.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 11, 2005.

**651**

D. Turner Matthews, Bradenton, FL, for Debtor.

**ORDER ON SYNGENTA SEEDS, INC.'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT TERRY LEE WINGATE'S MOTION FOR SUMMARY JUDGMENT**

PAUL M. GLENN, Chief Judge.

**THIS ADVERSARY PROCEEDING** came on for hearing on Syngenta Seeds,

Inc.'s Motion for Summary Judgment to deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A) as set forth in the Complaint Objecting to the Debtor's Discharge filed by Syngenta Seeds, Inc. (the "Plaintiff"), and also on Defendant Terry Lee Wingate's Motion for Summary Judgment in Opposition to Syngenta's Motion for Summary Judgment and Argument Pertaining Thereto.

## Background

The Debtor filed his Chapter 7 bankruptcy petition on April 2, 2004.

The Plaintiff filed its Complaint Objecting to the Debtor's Discharge, containing four counts; three of the counts were pursuant to 11 U.S.C. § 727(a)(2)(A), and one count was pursuant to 11 U.S.C. § 727(a)(4). The Plaintiff's Motion for Summary Judgment relates to the counts to deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), that allege transfers of property with the intent to hinder, delay or defraud creditors within one year of the filing of the Debtor's petition.

On or around April 14–16, 2003, the U.S. District Court for the Middle District of Florida conducted a jury trial in the case of *Syngenta Seeds, Inc., A Delaware Corporation and Successor–In–Interest to Novartis Seeds, Inc. Plaintiff vs. Nicholas W. Eigsti, Terry Wingate, and Seedless Enterprise, Inc., Defendants, Case No. 8:02–cv–233–T–24MSS.* (Doc. # 12, Amended Joint Pretrial Statement, Admitted or Uncontested Facts, ¶ 15.) On June 25, 2003, the U.S. District Court entered a corrected Final Judgment against the Debtor and in favor of Sygenta in the principal amount of $2,064,288.50. (*Id.* ¶ 4.)

The transactions by the Debtor and his wife that provide the basis for the Plaintiff's counts under § 727(a)(2)(A) are as follows:

1. On April 21, 2003, the Wingates sold municipal bonds in the amount of $101,624.76 which were held in their account at H & R Block.

2. On April 21, 2003 the Wingates withdrew $40,000.00 from their account at Liberty Savings Bank.

3. On April 22, 2003, the Wingates purchased an annuity in the amount of $142,630.00 from their broker at H & R Block with the proceeds from the sale of the bonds and from the Liberty Savings Bank account.

4. On April 22, 2003, the Wingates used $117,246.75 of the funds in their Liberty Savings Bank account to pay off the mortgage on their homestead.

5. According to the deposition and affidavit of Marsha Wingate, the Wingates previously owned a 1996 Chrysler minivan, a 1997 Chevrolet Tahoe, and a 1999 Maverick boat titled "Terry Wingate or Marsha Wingate." On July 23, 2003, Marsha Wingate transferred title to these assets such that they were titled solely in her name.

### Motions for Summary Judgment

The Plaintiff has filed a motion for summary judgment with regard to the three counts of the Complaint to deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), for transfers within one year before the date of filing of his petition with intent to hinder, delay, or defraud a creditor. The Debtor's motion for summary judgment requests the Court to deny the Plaintiff's motion for summary judgment, and grant his motion for summary judgment: (1) as to the transfers to purchase the annuity and pay off the homestead mortgage; (2) as to the transfer of the non-exempt vehicles and boat; (3) as to the count relating to the denial of discharge due to a false oath pursuant to 11 U.S.C. § 727(a)(4)(A); and (4) pursuant to

the discretionary equitable powers of the Court, refusal to deny the Debtor his discharge.

### The Summary Judgment Standard

In Syngenta's Motion for Summary Judgment, the Plaintiff is seeking the determination of the Court that, with regard to three counts of the Complaint related to 11 U.S.C. § 727(a)(2)(A), there is no genuine issue as to any material fact set forth in the Complaint related to these counts that could possibly result in a judgment in favor of the Debtor, and therefore the Plaintiff is entitled to judgment as a matter of law. The Debtor opposes such determination and also seeks summary judgment in his favor and against the Plaintiff on the four bases described above.

Bankruptcy Rule 7056 is applicable to this determination:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Each party moving for summary judgment has the burden of demonstrating that there is no genuine issue as to any material fact. If there is a genuine dispute over a material fact, summary judgment may not be granted. The party opposing summary judgment is to be given the benefit of the doubt on all credibility issues and the benefit of any inferences that reasonably might be inferred from the evidence. *In re Diagnostic Instrument Group, Inc.*, 283 B.R. 87, 94 (Bankr.M.D.Fla.2002), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When both parties seek summary judgment, as in the proceeding before the

Court, the Court considers each motion independently, applying the applicable standards to each motion to determine whether summary judgment is appropriate under either motion. *In re Lanting*, 198 B.R. 817, 820 (Bankr.N.D.Ala.1996), *citing In re Envirodyne Indus., Inc.*, 176 B.R. 825 (Bankr.N.D.Ill.1995).

■ Also, the issues brought out in summary judgment with regard to the denial of a discharge of a Chapter 7 debtor pursuant to one of the exceptions of 11 U.S.C. § 727(a) must be able to withstand a vigorous scrutiny: "Section 727 of the Bankruptcy Code provides that the court shall grant a discharge unless the debtor has engaged in specifically enumerated actions that warrant the denial of the discharge. The statute is to be construed liberally in favor of the debtor and strictly against the objector.'" *In re Leffingwell*, 279 B.R. 328, 338 (Bankr.M.D.Fla.2002), *citing Second National Bank v. Parker (In re Parker)*, 85 B.R. 384, 387 (Bankr. E.D.Va.1988).

### Syngenta's Motion for Summary Judgment—11 U.S.C. § 727(a)(2)(A)

■ The Plaintiff requests summary judgment denying the Debtor's discharge because of transfers of property within one year of the filing of the Debtor's petition with the intent to hinder, delay, or defraud creditors. Section 727(a)(2)(A) of the Bankruptcy Code provides as follows:

**11 USC § 727. Discharge**

(a) The court shall grant the debtor a discharge, unless—

. . . . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition . . .

The Debtor filed his bankruptcy petition on April 2, 2004; therefore all transfers by the Debtor, or permitted by the Debtor, within the previous year may be scrutinized to determine if the transfers were made with the intent to hinder, delay, or defraud a creditor. The transfers during this time period, as specified by the Plaintiff in its motion for summary judgment, include two transfers from the Liberty Savings Bank account (one used toward the purchase of an annuity, and one to pay off the homestead mortgage), one transfer from the sale of bonds to the purchase of an annuity within the H & R Block account, and the transfer of title by the Debtor's wife of two vehicles and a boat to only her name.

■ There is no question of fact regarding the actual transfers or the dates that such transfers were made. However, to deny the Debtor's discharge, all of these transfers must have been made by the Debtor, or permitted by him, with the actual intent to hinder, delay, or defraud a creditor. In addition, the property transferred must be property that would have been property of the estate except for the transfer. *See Marine Midland Bank, N.A. v. Mollon*, 160 B.R. 860, 864 (M.D.Fla.1993) for a listing of the elements to be alleged and proven pursuant to § 727(a)(2)(A).

With regard to the actual intent to hinder, delay, or defraud a creditor, the Plaintiff points to the series of transfers consummated by the Debtor and his wife, and refers to statements by Marsha Wingate in her deposition to support its allegation of their "fraudulent conduct." In response,

the Debtor filed his own affidavit and an affidavit of his wife, Marsha Wingate, which dispute the motivation attributed to the transfers by the Plaintiff. Clearly, there is a genuine issue of material fact concerning the Debtor's intent with regard to the transfers of property, which precludes the Court from ruling on summary judgment pursuant to 11 U.S.C. § 727(a)(2)(A).

 Additionally, one aspect of evaluating whether the Debtor had the intent to hinder, delay, or defraud creditors when transfers of his property were made is whether the property would have become property of the bankruptcy estate and subject to the claims of creditors. "Disposition of exempt property does not establish an intent to defraud creditors since creditors do not have a claim against the exempt property originally.... An intent to defraud creditors cannot be established when a debtor converts exempt property to non exempt property." *In re Dismore,* 2005 WL 419709, *1 (Bankr.M.D.Fla.). Generally, property held as tenants by the entirety cannot be reached to satisfy the obligations of only one spouse. Legal ownership of property held as a tenancy by the entireties is characterized by (1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names). *Beal Bank, SSB v. Almand and Associates,* 780 So.2d 45, 52 (Fla.2001). Thus, in a case, such as the Debtor's, if he and his non-filing spouse own property as tenants by the entireties, the Chapter 7 Trustee may not administer such assets in the absence of joint debts. *See In re Daniels,* 309 B.R. 54, 56 (Bankr.M.D.Fla.2004). The ownership of the H & R Block account and the Liberty Savings Bank account, both of which were titled in the names of the Debtor and his wife, is a question of fact in this case.

 The Court has not reviewed certificates of title for the vehicles and boat transferred. In her affidavit, Marsha Wingate described the previous titles as showing ownership by "Terry Wingate or Marsha Wingate." The fact that title was held to the vehicles and boat as "husband or wife," instead of "husband and wife" creates a joint tenancy and not a tenancy by the entireties. *See In re Daniels,* 309 B.R. 54, 57–8 (Bankr.M.D.Fla.2004); *Xayavong v. Sunny Gifts, Inc.,* 891 So.2d 1075 (Fla. 5th Dist.Ct.App.2004); and *Amsouth Bank v. Hepner,* 647 So.2d 907, 910 (Fla. 1st Dist.Ct.App.1994). To deny the Debtor's discharge, the transfer by the Debtor's spouse must have been a transfer of the Debtor's interest, and must have been permitted by the Debtor with the actual intent to hinder, delay, or defraud a creditor. This question of fact with regard to intent precludes the entry of summary judgment for the Plaintiff in this instance.

### Defendant Terry Lee Wingate's Motion for Summary Judgment

The Debtor requests a determination of summary judgment in his favor (1) as to the transfers to purchase the annuity and pay off the homestead mortgage; (2) as to the transfer of the non-exempt vehicles and boat; (3) as to the count relating to the denial of discharge due to a false oath pursuant to 11 U.S.C. § 727(a)(4)(A); and (4) pursuant to the discretionary equitable powers of the Court, refusal by the Court to deny the Debtor his discharge.

With regard to the transfers of assets that are the subject of the § 727(a)(2)(A)

counts, the Debtor argues that financial accounts belonging to the Debtor and his non-filing spouse have the presumption of ownership as a tenancy by the entireties. Because of that, the Debtor argues that the transfer of property that would have been exempt from the bankruptcy estate cannot be one in which the intent is to hinder, delay, or defraud creditors. See *In re Dismore*, 2005 WL 419709, *1 (Bankr.M.D.Fla.). In *Dismore*, however, a Certificate of Deposit that was transferred into the sole name of the non-filing spouse had clearly been established as being held as tenants by the entireties. In this case, determination of the ownership of the property prior to the transfer is a fact intensive matter, and not appropriate for summary judgment.

With regard to the transfers of the motor vehicles and boat, as discussed previously, the affidavit of the Debtor's wife supplies one motivation for such transfers, and her deposition testimony, as pointed out by the Plaintiff, contains another reason as well:

A. ...So I took it upon myself to put the vehicles in my name.

Q. Okay. So one of the reasons why you put the vehicles in your name is to keep it away from Terry Wingate, in the event—

A. Right.

Q. (continuing) of a divorce; right?

A. Yeah.

Q. Another reason was to protect it from Syngenta; right?

A. Less of an issue, but, yes.

(Transcript of Deposition of Marsha Wingate, November 30, 2004, page 91, lines 4–14.)

█ The actual intent to hinder, delay, or defraud a creditor may be proven by "inference drawn from a debtor's course of conduct," and the issue of intent is a question of fact to be determined by the bankruptcy judge. *In re Mantra*, 314 B.R. 723, 729 (Bankr.N.D.Ill.2004). Clearly, this testimony demonstrates that a fact question exists with regard to the "intent to hinder, delay, or defraud a creditor." Also, the transfers of the vehicles and boat were not made by the Debtor, but by his wife; therefore, whether the transfers were "permitted" by the Debtor is another factual question to be resolved.

█ In Count IV of the Complaint, the Plaintiff objects to the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4), alleging that the Debtor made a false oath or account. In the Debtor's motion for summary judgment, he states:

...it is submitted that SYNGENTA has not submitted any evidence that there was willful intent to defraud, and that the statements made were not, even if incorrect, material to the bankruptcy estate. The court is therefore requested to deny SYNGENTA'S Motion for Summary Judgment and to grant debtor's Motion for summary Judgment.

The questions of whether the Debtor "knowingly and fraudulently" made a false oath, and whether such an oath, if false, was material, are fact questions in connection with the denial of a discharge pursuant to 11 U.S.C. § 727(a)(4)(a). Count IV of the complaint simply states, "The Debtor knowingly and fraudulently took a false oath in this case by underestimating the value of Scheduled assets and mischaracterizing ownership of certain assets in his Schedules." The Debtor explained the possibility that such assets as a time share and an interest in his parents' real property may be considered underestimated or mischaracterized with regard to his schedules. However, it is a matter for an evidentiary hearing to consider the actions of the Debtor and the materiality in connection with such assets. It is inappropriate

for the Court to grant the Debtor's motion for summary judgment with regard to Count IV of the complaint.

The Debtor also argues in his motion for summary judgment that it is within the sound discretion of the bankruptcy court to grant a debtor a discharge in certain circumstances even if grounds for denial of the debtor's discharge exist. Such a determination is rare, and the Court will not make such a determination in this case without an evidentiary hearing.

### Conclusion

For the reasons stated above, the Court determines that it is appropriate to deny both the Plaintiff's and the Debtor's motions for summary judgment. Genuine issues of material facts exist.

Accordingly:

**IT IS ORDERED** that

1. Syngenta Seeds, Inc.'s Motion for Summary Judgment is denied.

2. Defendant Terry Lee Wingate's Motion for Summary Judgment in Opposition to Syngenta's Motion for Summary Judgment and Argument Pertaining Thereto is denied.